**UNITED AIR LINES, Inc., et al. v. PUBLIC UTILITIES COMMISSION OF CALIFORNIA et al.**

**No. 31638.**

United States District Court
N. D. California, S. D.

Dec. 3, 1952.

Treadwell & Laughlin, Edward F. Treadwell and Reginald S. Laughlin, San Francisco, Cal., Mayer, Meyer, Austrian & Platt and John T. Lorch, Chicago, Ill., for plaintiff.

Chauncey Tramutolo, U. S. Atty., and Charles Elmer Collett, Asst. U. S. Atty., San Francisco. Cal., James E. Kilday, Sp. Asst. to Atty. Gen., Washington, D. C., Emory T. Nunneley, Jr., General Counsel, Civil Aeronautics Board, Washington, D. C., O. D. Ozment, Asst. to General Counsel, Civil Aeronautics Board, Washington, D. C., for intervenor.

Everett C. McKeage, Chief Counsel Public Utilities Commission, San Francisco, Cal., J. Thomason Phelps, San Francisco, Cal., for defendants.

Before ORR, Circuit Judge, GOODMAN, District Judge, and MURPHY, District Judge.

GOODMAN, District Judge.

On October 13, 1939, the Civil Aeronautics Board, pursuant to its power under the Civil Aeronautics Act, 49 U.S.C.A. § 401 et seq., issued to the plaintiff, Catalina Air Transport, a certificate of public convenience and necessity authorizing it to engage in air transportation between Los Angeles—Wilmington—Long Beach, California, and Avalon on the island of Santa Catalina (a part of the State of California), over the intervening high seas. Since March 7, 1946, plaintiff, United, with the approval of the Civil Aeronautics Board, has conducted air transportation over the described route and has performed the obligations of plaintiff, Catalina, under the latter's certificate of convenience and necessity. Plaintiff, Catalina, since 1939, and United, since 1946, have been subject, in all respects, including rates of transporta-

tion, to the regulations of the Civil Aeronautics Board. In September of 1951, defendant Public Utilities Commission of California advised United in writing that the Commission claimed jurisdiction over the Catalina route and therefore instructed United "to file with this Commission the tariffs covering the service in question." To this, United objected. But in December of 1951, it was again advised by the Commission in writing: "In view of our interpretation of the Civil Aeronautics Act and the California Constitution we again instruct * * * to file with this Commission the tariffs covering the service between Avalon and Long Beach." United and its predecessor, having been regulated by the Civil Aeronautics Board for twelve years as to the Avalon route, United thus found itself confronted with a sudden, belated and somewhat unexplained claim of state jurisdiction. Being fearful of the consequences besetting a victim of conflicting jurisdictions, United filed this action.

The substance of plaintiff's complaint is that the United States, by the Civil Aeronautics Act of 1938, pre-empted the field of air commerce and transportation involved in the described route of plaintiff; that federal authority is supreme; and that the attempt to exercise jurisdiction by the California Public Utilities Commission would subject the plaintiff to irreparable damage. Declaratory relief is sought. As well, it is claimed that certain parts of the Public Utilities Act of California, under which the defendant Commission is authorized to function, are in violation of the Constitution of the United States.

■ At the beginning of the litigation, upon request of counsel for plaintiff, pursuant to 28 U.S.C. §§ 2281, 2284, a three judge court was appointed to hear and determine the cause. This was proper because the complaint sought to restrain enforcement of a state statute, inter alia, upon the alleged ground of its unconstitutionality. The court assembled. Heretofore it dismissed the action against defendant Brown, Attorney General of California, and granted Civil Aeronautics Board the right to intervene and allowed it to file a complaint as such intervenor. The cause has been heard upon the merits, upon the complaints of plaintiff and intervenor, and the answers of defendants to both complaints.

■■ We do not reach nor decide the issue tendered, that the state statute is unconstitutional.[1] If the cause required the resolution of no other *federal issue,* obviously this court could dissolve itself. See Bowles v. Case, 9 Cir., 149 F.2d 777; affirmed 327 U.S. 92, 66 S.Ct. 438, 90 L.Ed. 552; Ex parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249; cf. Farmers Gin Co. v. Hayes, D.C., 54 F.Supp. 43; Pennsylvania Greyhound Lines v. Board of P. U. Com'rs, D.C., 107 F.Supp. 521.

But there are other adequate bases of federal jurisdiction. 28 U.S.C. §§ 1331, 1337, 2201.[2] Such being the case, this Court, having properly acquired jurisdiction, has power to consider and dispose of all questions involved in the suit. Louisville & Nashville Railroad Co. v. Garrett, 231 U.S. 298, 34 S.Ct. 48, 58 L.Ed. 229; Fireman's Ins. Co. v. Beha, D.C., 30 F.2d 539; Fisher v. Brucker, D.C., 41 F.2d 774.

■ The Civil Aeronautics Act of 1938 defines interstate air transportation to mean

1. The Supreme Court has made the frequent admonition that federal courts should refrain from invalidating statutes on constitutional grounds when there are other adequate grounds for decision: Hurd v. Hodge, 334 U.S. 24, 30, 68 S.Ct. 847, 92 L.Ed. 1187; Rescue Army v. Municipal Court, 1947, 331 U.S. 549, at page 569, 67 S.Ct. 1409, 91 L.Ed. 1666; Alma Motor Co. v. Timkin-Detroit Axle Co., 1946, 329 U.S. 129, 136, 67 S.Ct. 231, 91 L.Ed. 128; Arkansas Fuel Co. v. State of Louisiana ex rel. Muslow, 1938,

304 U.S. 197, 202, 58 S.Ct. 832, 82 L.Ed. 1287; Baker v. Grice, 1898, 169 U.S. 284, 292, 18 S.Ct. 323, 42 L.Ed. 748.

There would appear to be no good reason why this doctrine should not apply to courts constituted as this one is. See Morgan v. U. S., D.C., 107 F.Supp. 501, at page 504.

2. § 1337 gives jurisdiction irrespective of the amount in controversy. Even so, the evidence does sufficiently establish an amount in controversy in excess of $3,000.

"the carriage by aircraft of persons or property * * * between places in the same State of the United States through the air space over any place outside thereof".

The record here shows, by stipulation, that there is a distance of about 30 miles between the shore line of the United States and the Santa Catalina Island. We have no difficulty in finding, and so find that a substantial portion of these 30 miles lies over the high seas and is not within the State of California. Hence it follows that air transportation through the air space thereover is over a place outside of the State of California.

The Congress, by the statute, assumed jurisdiction over this area. This it had the power to do. In this field it has supremacy. Since the Congress had the power to assert federal jurisdiction, the plain language of the statute compels the conclusion that the Public Utilities Commission of the State of California has no jurisdiction or power to regulate in any manner the transportation activities of the plaintiff over the route in question.

■ Defendants urge that we should decline jurisdiction here in order to allow the state courts to finally adjudicate whether defendant Commission has jurisdiction. They cite the now-oft-quoted case of Alabama Public Service Commission v. Southern Railway Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002. But that case had to do with alleged constitutional improprieties in the enforcement of a state statute, which the Supreme Court said, federal courts should leave to the decision of state courts. Here the Court must appraise the reach of a federal statute when in conflict with state law. In that field it should assert and not forego its jurisdiction. Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 67 S.Ct. 1146, 91 L.Ed. 1447. See also Cloverleaf Butter Co. v. Patterson, 315 U.S. 148, 169, 786, 62 S.Ct. 491, 86 L.Ed. 754.

■ It is contended by the defendant Commission that the cause is not ripe enough for equitable relief. It admits that it has, in writing claimed jurisdiction, but alleges that until the defendant Commission actually holds a hearing and formally seeks to embrace plaintiff, this action is premature. Upon the record here, we hold this contention to be without merit. Bethlehem Steel Corp. v. New York State Labor Relations Board, 330 U.S. 767, 67 S.Ct. 1026, 91 L.Ed. 1234; Public Utilities Commission of Ohio v. United Fuel Gas Co., 317 U.S. 456, 63 S.Ct. 369, 87 L.Ed. 396; Com. of Pennsylvania v. West Virginia, 262 U.S. 553, 43 S.Ct. 658, 67 L.Ed. 1117.

Plaintiff is entitled to a decree declaring the Civil Aeronautics Board to have exclusive jurisdiction over the plaintiff in its operations in the described route and permanently forbidding and enjoining the defendants from, in any manner, interfering with such paramount jurisdiction.

Present findings and decree accordingly.