## GRAND CENTRAL AIRCRAFT CO. v. ALLEN et al.

No. 32541.

United States District Court
N. D. California, S. D.

Aug. 3, 1953.

390

Latham & Watkins and R. W. Lund, Los Angeles, Cal., Littler, Lauritzen & Mendelson and Robert Littler, San Francisco, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, George A. Blackstone, Asst. U. S. Attys., Ernest A. Norback, Twelfth Region Counsel, Wage Stabilization Board, Joseph I. Nachman, Chief of Rulings and Opinions Branch, Twelfth Region Wage Stabilization Board, San Francisco, Cal., and Isaac Groner, Chief Counsel for Wage Stabilization Committee, Washington, D. C., for defendants.

Before MATHEWS, Circuit Judge, and GOODMAN and FRIEDMAN, District Judges.

FRIEDMAN, District Judge.

This is an action to enjoin officials of the Wage Stabilization Board and of the

National Enforcement Commission from continuing administrative proceedings against Grand Central Aircraft Company in Case No. 12–122 now pending before the Commission. The charges brought by the Wage Stabilization Board in a complaint filed on November 4, 1952, allege violations of Section 405(b) of the Defense Production Act of 1950, as amended, 50 U. S.C.A.Appendix, § 2105(b), and of regulations and orders issued thereunder. Specifically, the Board alleged that Grand Central Aircraft Company had made wage payments to its employees in 1951 in contravention of General Wage Stabilization Regulation 1, popularly known as "the wage freeze", promulgated by the Economic Stabilization Administrator. A hearing on the allegations of that complaint was set for February 24, 1953, before Enforcement Commissioner Phil C. Neal, at Los Angeles, California. On February 13, 1953, the company filed its complaint in the District Court for the Northern District of California, Southern Division, against regional and national officials of the Wage Stabilization Board and of the National Enforcement Commission to enjoin them from proceeding with the administrative hearing. The administrative hearing was then postponed, pending judicial action. On February 17, 1953, the defendant officials moved to dismiss the complaint. On March 11, 1953, a three-judge Court was appointed, pursuant to 28 U.S.C. § 2282; and after a hearing on March 20, 1953, the Court issued a temporary restraining order directed against the regional officials who were within the Court's jurisdiction and took under advisement the company's motion for a preliminary injunction and the defendants' motion to dismiss the complaint. On April 2, 1953, the defendants filed a motion to vacate the temporary restraining order; the three-judge Court heard argument on that motion and took the matter under advisement on May 1, 1953. On May 11, 1953, the Court issued a memorandum order for interlocutory injunction, finding that there were grave and important questions of law and fact to be determined on trial, and that if an interlocutory injunction were not granted, the company would suffer irreparable damage and ordered that an interlocutory injunction issue. On May 28, 1953, the Court issued the interlocutory injunction enjoining the regional officials of the Wage Stabilization Board and the Enforcement Commissioner from proceeding with the administrative proceedings upon condition that plaintiff post bond in the sum of $1,000 for the payment of costs and damages, should it develop that any party was wrongfully enjoined. (The Court reserved decision on the motion to dismiss the complaint.)

The Acting Solicitor General of the United States applied to the Supreme Court on June 5, 1953, for a stay of the interlocutory injunction granted by this Court; the Supreme Court denied the application on June 15, 1953. The case came on for trial before this Court on July 24, 1953, and was submitted that day.

■ The undisputed evidence convincingly showed that the plaintiff would be irreparably damaged by the continuance of the administrative proceedings. The plaintiff is engaged in the reconditioning of aircraft engines and equipment. It employs several thousand employees. Its plants are located in Southern California and Arizona. Over seventy-five per cent of its production is for defense purposes arising out of government contracts. During the course of the administrative proceedings, plaintiff was advised in writing by the representatives of the Enforcement Commission that it proposed to assess penalties by way of a recommendation of disallowance of deductions for tax purposes, if the evidence showed violation of the statute and regulations, in maximum amounts of from two to three million dollars. The testimony showed that the plaintiff had established a credit of six million dollars with a group of Los Angeles banks and that its current borrowings were in the excess of one million dollars. The evidence further showed that the continuance of the administrative proceedings with the overhanging threat of the disallowance penalties would cause the banks to withdraw the credit extended, resulting in a shutdown of plaintiff's business, cancellation of its government contracts, and consequent

**392**

bankruptcy. Without more, the evidence is persuasive as to irreparable damage.

■ Plaintiff urges several grounds which it claims legally justify the issuance of a permanent injunction, among them asserted constitutional infirmities in the Defense Production Act of 1950. Since we are of the opinion that the cause can be justly decided without resolving the tendered constitutional questions, we do not reach them [1].

Other substantial grounds are urged to support the judgment in favor of plaintiff: That (1) the savings clause in the general statute clause in the general statute, 1 U.S.C.A. § 109, does not cover this administrative proceeding; that (2) this is not a suit, action, or prosecution under the savings clause of the Defense Production Act of 1950, 50 U.S.C.A.Appendix, § 2156(b); and that (3) the provisions for the termination of the Act provide only for a continued existence for a period not to exceed six months for purposes of liquidation, and that this administrative proceeding is not part of the liquidation. 50 U.S.C.A.Appendix, § 2166(b) (3). These contentions appear to have substantial merit, but we do not find it necessary to pass upon them.

■ It is sufficient to say that we are unable to perceive in the Defense Production Act any authority for the imposition of penalties by the National Enforcement Commission. To the contrary, the statute vests jurisdiction in the District Courts of the United States of all actions under the Act to enforce any liability or duty created thereby. 50 U.S.C.A.Appendix, §

2156(b). It is true that the Act authorizes the President to prescribe the *extent* to which any unauthorized payment made by an employer to an employee may be disregarded by executive departments (such as the Treasury) in determining gain for tax purposes. 50 U.S.C.A.Appendix, § 2105 (a). But the statute nowhere vests in the President or in any delegated agency the power to actually impose penalties.

■ We unanimously conclude that a judgment for a permanent injunction as prayed should enter herein. See Jonco Aircraft Corporation v. Franklin, D.C., 114 F.Supp. 392.

---

1. It has long been an established legal policy that Courts should not unnecessarily determine constitutional issues. Hurd v. Hodge, 334 U.S. 24, 30, 68 S.Ct. 847, 92 L.Ed. 1187; Rescue Army v. Municipal Court, 1947, 331 U.S. 549, at page 569, 67 S.Ct. 1409, 91 L.Ed. 1666; Alma Motor Co. v. Timken-Detroit Axle Co., 1946, 329 U.S. 129, 136, 67 S.Ct. 231, 91 L.Ed. 128; Arkansas Fuel Co. v. State of Louisiana ex rel. Muslow, 1938, 304 U.S. 197, 202, 58 S.Ct. 832, 82 L.Ed. 1287; Baker v. Grice, 1898, 169 U.S. 284, 292, 18 S.Ct. 323, 42 L.Ed. 748.

There would appear to be no good reason why this doctrine should not apply to courts constituted as this one is. See Morgan v. U. S., D.C., 107 F.Supp. 501, at page 504, and also United Air Lines, Inc. v. Public Utilities Commission, D.C., 109 F.Supp. 13.

This three-judge Court, having properly acquired jurisdiction, has power to pass upon non-constitutional questions involved in the suit. Louisville & Nashville Railroad Co. v. Garrett, 231 U.S. 298, 34 S. Ct. 48, 58 L.Ed. 229; Fireman's Ins. Co. v. Beha D. C., D.C., 30 F.2d 539; United Air Lines, Inc. v. Public Utilities Commission, supra.