## PUBLIC UTILITIES COMMISSION OF CALIFORNIA ET AL. *v.* UNITED AIR LINES, INC. ET AL.

No. 87.   Argued November 12–13, 1953.—Decided
November 30, 1953.

*Wilson E. Cline* argued the cause for appellants.   With him on the brief was *Everett C. McKeage.*

*H. Templeton Brown* argued the cause for United Air Lines, Inc. and Catalina Air Transport, appellees.   With him on the brief were *Edward F. Treadwell, Reginald S. Laughlin, John T. Lorch* and *Edmund A. Stephan.*

*John F. Davis* argued the cause for the Civil Aeronautics Board, appellee.   With him on the brief were *Acting Solicitor General Stern, Assistant Attorney General Barnes, Ralph S. Spritzer, Emory T. Nunneley, Jr., John H. Wanner* and *O. D. Ozment.*

PER CURIAM.

This case is here on appeal from a judgment of a three-judge court for the Northern District of California. *United Air Lines* v. *California Public Utilities Commission,* 109 F. Supp. 13.   The judgment is reversed on authority of *Public Service Commission* v. *Wycoff Co.,* 344 U. S. 237.

*Reversed.*

THE CHIEF JUSTICE took no part in the consideration or decision of this case.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE REED concurs, dissenting.

The case seems to me to be peculiarly one for relief by declaratory judgment. The question is whether California or the Federal Government has jurisdiction over the rates which United Air Lines charges for transportation between points on the mainland of California and Catalina Island. Catalina Island is part of California. Therefore, the California Public Utilities Commission claims jurisdiction. But the Civil Aeronautics Act (52 Stat. 973, 49 U. S. C. § 401 *et seq.*) gives the Civil Aeronautics Board authority over rates for transportation "between places in the same State of the United States through the air space over any place outside thereof." United Air Lines and the Board both claim that flights from the mainland to Catalina (which is 30 miles from the mainland) are over the "high seas" and therefore under the exclusive jurisdiction of the Board. That was the view of the District Court. 109 F. Supp. 13. Whether it was right or wrong is the question presented for decision.

The controversy is real and substantial, for the California Commission has directed United to file tariffs, claiming unequivocally jurisdiction over the rates to and from Catalina.

There is nothing to be gained by requiring United to go through the long, laborious, expensive administrative hearings before the California Commission, only to work its way through the hierarchy of courts up again to this Court so that we may determine whether or not the Civil Aeronautics Board has exclusive authority over these rates. Findings that a local agency may make will sometimes aid in reducing friction between the state and federal governments by exposing facts which indicate that the state has a legitimate concern in a complex situation where local and interstate interests are intertwined. No

such situation is presented here. It would, I assume, be conceded that the question of what constitutes the "high seas" is a federal question. The resolution of that question will in no manner be advanced by remitting United to administrative hearings before a commission which— if the District Court below is correct—has no jurisdiction to act.

The Declaratory Judgment Act, 28 U. S. C. § 2201, which operates within the confines of the "case" and "controversy" standards of the Constitution (see *Aetna Life Ins. Co.* v. *Haworth,* 300 U. S. 227), serves many functions for which other remedies were unsuited or which they performed "rather clumsily" or "inadequately," to use the words of the House Report. H. R. Rep. No. 1264, 73d Cong., 2d Sess., p. 2. It was, among other things, "intended to save tedious and costly litigation by ascertaining at the outset the controlling fact or law involved, thus either concluding the litigation or thereafter confining it within more precise limitations." *Id.,* p. 2. And the Senate Report noted that one of the functions served by this form of relief is "the declaration of rights contested under a statute or municipal ordinance, where it was not possible or necessary to obtain an injunction." S. Rep. No. 1005, 73d Cong., 2d Sess., p. 2. Another is the adjudication of disputes "without requiring a destruction of the status quo." *Id.,* p. 6.

Of course the right to an adjudication by way of declaratory relief is not a right that litigants can demand. Its allowance depends on a wise discretion. But unless we are to be intolerant of this procedure which Congress created, we should be reluctant to overrule a District Court when it concludes that the controversy is real and the peril and insecurity imminent, and that time and expense can be saved and good relations promoted by resolving the dispute at its inception rather than when

all sides are exhausted at the end of a long-drawn-out litigation.

Declaratory relief is peculiarly appropriate in case of a jurisdictional controversy which can be settled by a ruling of law. See *Order of Conductors* v. *Swan,* 329 U. S. 520. There is that kind of jurisdictional controversy here, for a federal agency claims that a state commission may not act because Congress put the matter exclusively in the federal domain. In a case less clear than this we enjoined state proceedings after concluding that Congress had pre-empted the field. *Rice* v. *Santa Fe Elevator Corp.,* 331 U. S. 218. By the same token we should settle this controversy at this early stage. By denying relief we advance no cause except that of litigation.