Jose Ramon QUINONES, d/b/a Radio Station WAPA, Plaintiff,

v.

JUNTA DE RELACIONES DEL TRABA-JO DE PUERTO RICO, Respondent.

Civ. A. No. 8806.

United States District Court
D. Puerto Rico, San Juan Division.
Sept. 29, 1954.

Ramon H. Vargas, San Juan, Puerto Rico, for plaintiff.

Jose Trias Monge, Atty. Gen., for Commonwealth of Puerto Rico, for respondent.

RUIZ-NAZARIO, District Judge.

█ In Almeida Bus Lines v. Curran, 1 Cir., 209 F.2d 680, 683, the United States Court of Appeals for the First Circuit, said:

"The guiding principle applicable here was stated in American Federation of Labor v. Watson, 1946, 327 U.S. 582, 593, 66 S.Ct. 761, 766, 90 L.Ed. 873, as follows: 'Where a federal court of equity is asked to interfere with the enforcement of state laws, it should do so only "to prevent irreparable injury which is clear and imminent"', citing Douglas v. City of Jeannette, 1943, 319 U.S. 157, 163, 63 S.Ct. 877, 87 L.Ed. 1324. This test of irreparable injury is not met in the present case. The proceeding now pending before the state commission is concerned only with past conduct of Almeida, namely, the alleged discriminatory refusal to rehire the strikers on or about December 21, 1950, as alleged in Amalgamated's charge filed January 3, 1951. The previous proceeding before the state commission involving the charge of Almeida's unlawful refusal to bargain with Amalgamated subsequent to its certification on August 26, 1949, has already resulted in an order by the state commission, later enforced by a decree of the Superior Court, which decree is now pending on appeal before the Supreme Judicial Court. The past conduct involved in the pending proceeding before the state commission is a specific subject matter with which the National Labor Relations Board has declined to concern itself, for the reasons above stated. Almeida cannot escape the expense of litigating the legal issue of jurisdiction of the state commission, whether it fights that issue in the federal courts, pursuant to the present complaint, or before the state commission and the state courts, with ultimate review by the Supreme Court of the United States. Of course, if the relief sought in the present complaint is denied, Almeida may also choose to undergo the burden and expense of litigating before the state commission and the state courts issues relating to whether it committed the unfair labor practice as charged. But such extra expense, assuming Almeida chooses to pursue that course of conduct, would not be the kind of irreparable injury warranting the intervention of a federal court of equity to enjoin the prosecution of the administrative proceeding pending before the state commission. For that proposition we need do no more than cite Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 47–48, 51–52, 58 S.Ct. 459, 82 L.Ed. 638. And where interference with state proceedings by injunction is inappropriate, interference by way of declaratory judgment is equally inappropriate, for the declaratory judgment, if rendered, would be res judicata in the state proceedings. Great Lakes Dredge & Dock Co. v. Huffman, 1943, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407; Paul Smith Construction Co. v. Buscaglia, 1 Cir., 1944, 140 F.2d 900. See Public Service Commission of Utah v. Wycoff Co., Inc., 1952, 344 U.S. 237, 247, 73 S.Ct. 236 [97 L.Ed. 291]; United Air Lines, Inc., v. Public Utilities Commission of California, D.C.N.D.Cal.1952, 109 F.Supp. 13, reversed per curiam 1953, 346 U.S. 402, 74 S.Ct. 151, on the authority of the Wycoff case, supra."

And in Public Service Commission of Utah v. Wycoff Co., Inc., 1952, 344 U.S. 237, 246, 247, 73 S.Ct. 236, 241, which is one of the cases relied on by the Court of Appeals in the Almeida case, supra, the Supreme Court expressed:

"Even when there is no incipient federal-state conflict, the declaratory judgment procedure will not be used to preempt and prejudge issues that are committed for initial decision to an administrative body or special tribunal any more than it will be used as a substitute for statutory methods of review."

And 344 U.S. at pages 247 and 248, 73 S.Ct. at page 242, it added:

"Declaratory proceedings in the federal courts against state officials must be

decided with regard for the implications of our federal system. State administrative bodies have the initial right to reduce the general policies of state regulatory statutes into concrete orders and the primary right to take evidence and make findings of fact. It is the state courts which have the first and the last word as to the meaning of state statutes and whether a particular order is within the legislative terms of reference so as to make it the action of the State. We have disapproved anticipatory declarations as to state regulatory statutes, even where the case originated in and was entertained by courts of the State affected. Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725. Anticipatory judgment by a federal court to frustrate action by a state agency is even less tolerable to our federalism. Is the declaration contemplated here to be res judicata, so that the Commission can not hear evidence and decide any matter for itself? If so, the federal court has virtually lifted the case out of the State Commission before it could be heard. If not, the federal judgment serves no useful purpose as a final determination of rights.

"The procedures of review usually afford ample protection to a carrier whose federal rights are actually invaded, and there are remedies for threatened irreparable injuries. State courts are bound equally with the federal courts by the Federal Constitution and laws. Ultimate recourse may be had to this Court by certiorari if a state court has allegedly denied a federal right."

As regards irreparable injury, the complaint here falls short of meeting the test which the Court of Appeals determined, in the Almeida case, must be met to entitle a petitioner to the federal relief sought herein.

In that respect petitioner's position here, judging from his complaint, appears to be still less meritorious.

Respondent has moved to dismiss this action and asks the court to decline jurisdiction thereof, invoking therefor, among others, the Almeida and Wycoff cases, supra.

■ This court is bound to follow said cases, particularly the Almeida case, which involved a situation quite similar to the one involved in the present action, and which must be deemed to constitute the law in this jurisdiction.

Petitioner in this case, by seeking in the administrative agencies and Courts of the Commonwealth of Puerto Rico the same relief he is asking from this court here, which under the holding of the Court of Appeals for the First Circuit in the Almeida case, is the proper course of conduct to be pursued by him, will enjoy an additional remedy which the plaintiff in that case had no opportunity to enjoy, i. e., the right to appeal to the Court of Appeals for the First Circuit from any adverse judgment rendered against him by the Supreme Court of the Commonwealth of Puerto Rico.

Respondent's motion to dismiss must, therefore, be, as it is hereby granted and this action is ordered dismissed without prejudice.

Judgment of dismissal, without prejudice, shall be accordingly entered by the Clerk.