**OCCIDENTAL LIFE INSURANCE COMPANY OF CALIFORNIA, a corporation, Appellant,**

v.

**Fred W. NICHOLS, Appellee.**

**No. 14966.**

United States Court of Appeals, Fifth Circuit.

Nov. 16, 1954.

840

Frank M. Young, Birmingham, Ala., Spain, Gillon & Young, Birmingham, Ala., of counsel, for appellant.

Morris K. Sirote and E. M. Friend, Jr., Birmingham, Ala., for appellee.

Before BORAH, RIVES and TUTTLE, Circuit Judges.

TUTTLE, Circuit Judge.

The appellant, Occidental Life Insurance Company of California issued on November 14, 1951, a life insurance policy to appellee, Fred W. Nichols, in the amount of $35,000. The policy incorporated by reference a supplemental agreement providing for waiver of premiums and disability payments to the appellee in the event of his permanent total disability as a result of injury or disease. The policy named appellee's wife as beneficiary for the death benefits, and the supplemental agreement designated appellee as the person entitled to receive the disability benefits. The policy contained a two-year incontestable clause.

The appellee Nichols filed a suit against the Occidental Company in the Circuit Court of Jefferson County, Alabama, on March 3, 1953, claiming disability benefits on the supplemental agreement from and after July 1, 1952.

The present action was commenced on September 2, 1953, within the two-year period of contestability, in the United States District Court for the Northern District of Alabama, for a declaratory judgment and for rescission of both the policy and the supplemental agreement, on the ground that allegedly appellee Nichols had made material and fraudulent misrepresentations concerning his medical history in his written application for the policy and supplemental agreement. The District Court on December 11, 1953, granted a motion by appellee Nichols to dismiss this action, the order of dismissal indicating as the ground therefor that this was a proper case to decline to exercise the discretionary jurisdiction conferred by the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201–2202, and citing as authority for this proposition Aetna Insurance Co. v. Busby, D.C.N.D.Ala., 87 F.Supp. 505; Public Service Commission v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291; and Public Utilities Commission v. United Air Lines, Inc., 346 U.S. 402, 74 S.Ct. 151.

From that order Occidental brought this appeal. On August 18, 1954, appellee Nichols submitted a motion to dimiss the appeal, or in the alternative, to suspend action thereon pending final ruling in the state court case, alleging that the instant case has become res adjudicata and moot, in that on April 30, 1954, judgment was entered on a verdict in favor of Nichols in the state court action in which all issues in the instant case were adjudicated, and that Occidental's appeal from that judgment was then pending in the Supreme Court of Alabama.

This case is quite similar to our recent case of Ray v. Hasley, 5 Cir., 214 F.2d 366. It differs, however, in that in the Ray case a judgment had already been rendered in the Texas State Court against Ray, Ray v. Gage, Tex.Civ.App., 269 S.W.2d 411 and he nevertheless filed his suit in the United States District Court, pending the prosecution of his appeal through the state court; whereas,

here there was only a suit pending when the trial judge declined to accept jurisdiction of this suit for declaratory judgment and rescission. No plea of res adjudicata was filed below, and in fact none could have been filed because the state court suit had not yet gone to judgment. The District Court was asked, by the filing of the suit, to accept and hold jurisdiction of the matter against the possibility that in some manner the state court litigation might end without the insurance company having an opportunity to contest effectively its ultimate liability to the beneficiary on the ordinary life provisions of the policy.

Viewed as of the time of the decision of the trial court, we are convinced that the plaintiff insurance company was entitled to have the Federal Court's protection of this substantial right. Appellee now moves to dismiss the appeal by going outside the record and presenting the fact (that was not before the trial court) that the state court has now decided the case in favor of appellee, and that appellant has appealed to the Supreme Court of Alabama. The appellee thus, in effect, filed a plea of res adjudicata for the first time in this Court.

The question as to whether the trial court correctly dismissed the petition below may be determined as though the state court trial had already been concluded when the motion to dismiss was there filed, for the gist of the motion was that what has now happened was within the normal range of the expected and really formed the basis of appellee's contention that the Federal District Court should not entertain the suit.

In the Ray case, supra, we dealt with a cause of action which arose in Texas and resulted in the filing of a suit in the state court there. We found that the Texas rule was well established, that the pendency of an appeal from a judgment prevented its operation as res adjudi-

cata, 9 A.L.R.2d 995, 999. Although we have not been favored by any brief by appellee, we recognize that the rule may be different in Alabama.

The Supreme Court of Alabama has in several cases declared that such a judgment is res adjudicata in that state. Close examination of those cases shows that these were *obiter dicta,* however. In Alabama Power Co. v. Thompson, 250 Ala. 7, 32 So.2d 795, 9 A.L.R.2d 974, the actual holding was that a judgment pending appeal to a trial *de novo* was not res adjudicata. In Collier v. Alexander, 142 Ala. 422, 38 So. 244, and Corinth Bank & Trust Co. v. Lawler, 218 Ala. 83, 117 So. 620, the appeals of the judgments interposed as res adjudicata had already been decided at the time those decisions were rendered, and therefore the question was not really involved. Viberg v. State, 138 Ala. 100, 35 So. 53, 100 Ann.St.Rep. 22, involved admissibility as evidence of a prior conviction appealed from, and not its effect as res adjudicata. There being no precedents actually in point, we are nevertheless loath to decide the question as one of first impression contrary to these dicta. Because, however, to decide otherwise might result in an injustice,[1] and because both the theoretical and pragmatic basis of res adjudicata in our opinion requires it, we reaffirm what was said by Judge Rives in the Ray case [214 F.2d 368]:

"It may be that irrespective of whether the judgment in the state court operated as res judicata pending appeal, the federal court should take into consideration the possibility of a reversal of that judgment * * *, and should mould its orders and judgment so as to avoid any conflict of jurisdiction and to accomplish substantial justice."

Such a holding in no way ignores our obligation to accord to the judicial pro-

---

1. The life insurance policy having become incontestable since commencement of this action, dismissal of this action followed by possible reversal of the state court judgment and a dismissal by Nichols of his suit, would deprive the Occidental Company of an opportunity to litigate the defense of fraud.

ceedings of any state "the same full faith and credit \* \* \* as they have by law or usage in the courts of such State, \* \* \* from which they are taken." 28 U.S.C. § 1738. There is no failure by the federal courts to give full faith and credit to a judgment of a state court by reserving a decision as to what effect is finally to be given to a state court judgment where, under the state's own rules of procedure, the effectiveness of the trial court's judgment can be stayed pending appeal. The federal courts are thus, in their own permissible way, paralleling the state's own action in deferring the placing of a seal of finality on the judgment.

We believe cases cited in the order dismissing the action are distinguishable. In Aetna Insurance Co. v. Busby, D.C., 87 F.Supp. 505, there is nothing to suggest that the insurer would possibly be deprived of any defenses by dismissal of the federal declaratory judgment action there; but in the instant case, the appellant might be deprived of an opportunity to litigate the defense of fraud on the life insurance policy if we affirmed the District Court's order. And furthermore, the instant case is not merely for a declaratory judgment, but also for a rescission, a fact which seems to have been overlooked in the District Court's order. The other cases cited by the District Court, Public Service Commission v. Wycoff Co., supra, and Public Utilities Commission v. United Air Lines, Inc., supra, turned upon a question of federal-state policy in regulation of commerce, far different from the considerations governing the exercise of discretion by a District Court whether to take jurisdiction of a declaratory judgment action between private parties; and again, the instant case may be distinguished because it asked for a rescission as well as a declaratory judgment.

It follows that the dismissal of this action can be supported neither on the ground of res adjudicata nor on the ground that the District Court had discretion to refuse to take jurisdiction. In disposing of this appeal, then, we reverse and remand the cause to the District Court with directions to stay further proceedings until final disposition of the case in the state courts, thereafter to consider what effect that case will have as res adjudicata on the issues herein, upon proper raising of that issue by defensive pleadings.

■ As for appellee's motion to dismiss this appeal or in the alternative to suspend action thereon, it must be denied. We have already dealt with the matter of res adjudicata, and can not regard the judgment in the state court now being appealed as having made this case moot; a real controversy still exists as long as the Occidental Company has a chance to reverse that judgment.

Reversed and remanded with directions.