**STARDUST, Inc., a corporation, and Anthony Cornero Stralla, Petitioners,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

**No. 14818.**

United States Court of Appeals
Ninth Circuit.

July 29, 1955.

Vargas, Dillon & Bartlett, William C. Sanford, Reno, Nev., for petitioners.

W. S. Tucker, F. E. Kennamer, Jr., San Francisco, Cal., G. M. Cuthbertson, Los Angeles, Cal., Attys., S.E.C., for respondent.

Before DENMAN, Chief Judge, and STEPHENS and BONE, Circuit Judges.

DENMAN, Chief Judge.

Petitioners seek our order to set aside an order of the Securities and Exchange Commission "that an investigation be made to determine whether Stardust, Inc., and Anthony Cornero Stralla have engaged in the acts and practices set forth in Section II" of that order. Section II is as follows:

"Members of its Staff have reported information to the Commission which tends to show that:

"A. During the period from about June 7, 1954 to the present, Stardust, Inc., and Anthony Cornero Stralla have offered, sold and delivered, or caused to be delivered, after sale, certain securities, namely, shares of Preferred Capital Stock, $10 par value, and shares of Common Capital Stock, $0.01 par value, of Stardust, Inc.

"B. While engaged in the offer, sale and delivery of securities as described in paragraph A above, Stardust, Inc. and Anthony Cornero Stralla, directly and indirectly, made use of the mails and means and instruments of transportation and communication in interstate commerce."

The petition alleges that pursuant to said order, Securities and Exchange Commission has issued and served upon Stardust, Inc., upon Anthony Cornero Stralla, President, Secretary and Treasurer, and upon Anthony Cornero Stralla, individually, Subpoenas Duces Tecum to appear before an officer of Securities and Exchange Commission to testify and to produce all stock certificate books and other books and/or records of Stardust, Inc., which reflect the dates, names, addresses, number of shares and other details as to all shares of the Preferred and Common Capital stock issued and/or transferred by the said Stardust, Inc., during the period from June 7, 1954 to May 20, 1955 and said Commission has made an application to the United States District Court for the Southern District of California, Central Division, for an order to require obedience to those Subpoenas Duces Tecum and said Court has issued an order upon these petitioners to show cause why such an order of obedience should not be entered, and a hearing was set thereon for July 18, 1955, before Judge Ben Harrison.

The petitioners contend that they are entitled to such an order because each is a "person aggrieved" under the provisions of 15 U.S.C.A. § 77i(a) which provides, so far as pertinent, that "Any person aggrieved by an order of the Commission may obtain a review of such order in the court of appeals * * *. No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission. The finding of the Commission as to the facts, if supported by evidence, shall be conclusive. * * *"

The petitioners concede that they have made no objection to the order of the Commission to that body and the petition could be denied upon that ground.

However, petitioners claim that they will be "aggrieved" if the Commission proceeds to investigate to determine whether or not the petitioners have committed acts which warrant the exercise of the Commission's control over them. Irreparable harm will be done them because as a part of the Commission's process of determination as to whether its jurisdiction exists, publicity will be given which will affect the corporation's sale of stock preventing them from raising the funds necessary to carry on their building enterprise. Furthermore, Stralla, the principal corporate officer, will be required to devote much time in response to the questions which will be put to him under the subpoena issued to him, since he is the only person completely familiar with the records requested in the subpoena. This will necessarily detain him from the performance of his duties as president, secretary and treasurer.

We are of the opinion that such an order for a preliminary investigation merely to determine the Commission's jurisdiction to investigate the actions of petitioners is not of the character contemplated by § 77i(a). It is merely a preliminary procedure. It is not on the merits of petitioners' actions in connection with their building activities. In construing an analogous statute, the Supreme Court stated in Federal Power Commission v. Metropolitan Edison Co., 304 U.S. 375, 383, 58 S.Ct. 963, 967, 82 L.Ed. 1408:

"Reliance is placed on section 313 (b) of the Federal Power Act [16 U.S.C.A. § 825*l* (b)] that 'Any party to a proceeding under this Act *aggrieved* by an order issued by the Commission in such proceeding may obtain a review of such order in the Circuit Court of Appeals.' But neither this language, nor that of section 313(a), should be construed as authorizing a review of every order that the Commission may make, albeit of a merely procedural character. Such a construction, affording opportunity for constant delays in the course of the administrative proceeding for the purpose of reviewing mere procedural requirements or interlocutory directions, would do violence to the manifest purpose of the provision." [Emphasis supplied.]

Further as to whether Stardust and Stralla will be "aggrieved" persons by taking Stralla's time from his company affairs during his participation in the procedure before Commission and by the effect of publicity on Stardust's acquisition of funds for completing its building project, the Supreme Court in an analogous case has held that such results do not create a grievance.

In Allen v. Grand Central Aircraft Co., 347 U.S. 535, 74 S.Ct. 745, 98 L.Ed. 933 the Supreme Court reversed the decision of a three-judge court, D.C., 114 F.Supp. 389, 391, which granted an injunction to restrain the officer from holding hearings merely to recommend findings to a Regional Enforcement Commission subject to review by the National Enforcement Commission. Those findings might have shown no violation of wage ceilings. At most, they would be concerned with appellee's alleged payment of wages in excess of wage ceilings to an extent of about $750,000.

The ground of the injunction was that by further administrative procedure the aircraft company would be irreparably damaged in performing its wartime contracts in repairing airplanes in which it employed several thousand persons. If the preliminary proceeding brought a consideration of the merits, it might be shown that the company would be liable to be deprived of from two to three million dollars deduction for tax purposes, for having paid wages in excess of the maximum. The three judge court found

that "The evidence further showed that the continuance of the administrative proceedings with the overhanding threat of the disallowance penalties would cause the banks to withdraw the credit extended, resulting in a shutdown of plaintiff's business, cancellation of its government contracts, *and consequent bankruptcy*." [Emphasis supplied.]

Though the three judge court made this finding of "consequent bankruptcy" the Supreme Court reversed the judgment enjoining the Commission, stating, 347 U.S. on page 540, 74 S.Ct. on page 748:

"However, it is clear that once the right of the Government to hold administrative hearings is established, a litigant cannot enjoin them merely because they might jeopardize his bank credit or otherwise be inconvenient or embarrassing. Aircraft & Diesel Corp. v. Hirsch, 331 U.S. 752, 777-779, 67 S.Ct. 1493, 91 L.Ed. 1796, '[T]he expense and annoyance of litigation is "part of the social burden of living under government."' Petroleum Exploration, Inc., v. Public Service Commission 304 U.S. 209, 222, 58 S.Ct. 834, 841, 82 L.Ed. 1294. See also, Myers v. Bethlehem Corp., 303 U.S. 41, 47, 58 S.Ct. 459, 461, 82 L.Ed. 638; Chicago & Southern Air Lines v. Waterman S. S. Corp., 333 U.S. 103, 112-113, 68 S.Ct. 431, 436-437, 92 L.Ed. 568; Franklin v. Jonco Aircraft Corp., per curiam, 346 U.S. 868, 74 S.Ct. 126 [98 L.Ed. 378]."

Nothing since this recent decision of 1954 questions it. Since it clearly establishes that neither Stardust nor Stralla is an "aggrieved person", and hence no relief can be afforded by this court under § 77i(a) upon which they rely, a review of prior decisions cited by them is unnecessary.

The petition to set aside the order of the Securities and Exchange Commission is ordered dismissed and our order of July 15, 1955 for a stay of proceedings is set aside.