LAS VEGAS HAWAIIAN DEVELOPMENT COMPANY, Tauri Investment Corporation, and Alfred G. Bladen, Plaintiffs,

v.

SECURITIES AND EXCHANGE COMMISSION, Chairman Harold Williams, Commissioner Philip Loomis, Commissioner John Evans, Commissioner Irving Pollack and Commissioner Roberta Karmel, Defendants.

Civ. No. 78–0430.

United States District Court,
D. Hawaii.

March 13, 1979.

Melville B. Bowen, Jr., J. Byron Grubaugh, Thomas M. Knepper, James J. Moy-

lan, Abramson & Fox, Chicago, Ill., Roger V. Meeker, Honolulu, Hawaii, for plaintiffs.

James H. Schropp, Asst. Gen. Counsel, Richard M. Humes, Atty., Paul Gonson, Principal Associate Gen. Counsel, Securities & Exchange Commission, Washington, D. C., Stanley D. Tabor, Asst. U. S. Atty., Walter M. Heen, U. S. Atty., Honolulu, Hawaii, for defendants.

## DECISION AND ORDER

SAMUEL P. KING, Chief Judge.

## STATEMENT OF THE CASE

Plaintiffs Las Vegas Hawaiian Development Company (LVH), Tauri Investment Corporation (Tauri), and Alfred G. Bladen (Bladen), on November 7, 1978, filed a Complaint for Declaratory Judgment against the Securities and Exchange Commission (SEC or Commission) and its commissioners. They seek a declaration that section 8(e) of the Securities Act of 1933 (15 U.S.C. § 77h(e)) cannot be utilized by the Commission to delay indefinitely the sale of securities under an effective registration statement, and that an examination of a registration statement cannot be utilized by the Commission to investigate prior transactions allegedly not within the scope of the registration statement.

Plaintiff corporations are Hawaii corporations and plaintiff Bladen is a Hawaii resident. Plaintiff LVH alleges that it is being denied procedural and substantive due process. Plaintiffs Tauri and Bladen allege that they are being denied an opportunity to accept an offer from LVH which they wish to accept.

Without answering, defendants on January 12, 1979, filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. They argue that the case is not ripe for judicial review, that the complaint does not state a claim upon which relief can be granted, and that the undisputed facts show that the Commission has neither abused its discretion nor grossly exceeded its authority.

## BACKGROUND

Three individuals, collectively referred to as the McDonalds, own in equal amounts all the shares of Paradise Hills Corporation, a Nevada corporation, which, in a securities registration statement filed with the Commission by LVH, proposes to become the general partner of LVH. The McDonalds are also general partners in a number of real estate partnerships, including Las Vegas View Properties, Las Vegas Hawaiian Adventures, and Las Vegas Hawaiian Equities. These last three partnerships are referred to as the Affiliates. The McDonalds are also principal officers of Tauri.

Starting in 1971, the McDonalds, through the Affiliates and Tauri, sold approximately 1,288 fractional undivided interests in approximately 1,600 acres of undeveloped land near Las Vegas, Nevada. These interest were sold to approximately 900 public investors, a majority of whom were then and are now residents of Hawaii, at prices ranging from $4,250 to $6,600 per interest, for a total sales price of approximately $6,258,-050. Tauri owns 630 acres of and 82 undivided interests in the land. Bladen owns more than two undivided interests.

No registration statement pursuant to the Securities Act of 1933 had been filed as to these fractional undivided interests in undeveloped land.

Sales of the fractional interests were made under installment contracts. Purchasers made down payments of $750 to $1,000, and signed installment notes for the balance. Title to the interests did not vest until the installment note was paid in full. As of May 26, 1977, the date that LVH filed the registration statement that is the subject of this action, approximately 152 of the original purchasers had paid in full.

On May 26, 1977, LVH filed a Form S–11 registration statement covering a proposed offering of limited partnerships in LVH to be made to the approximately 900 persons who had purchased the undivided fractional interests mentioned above. Each limited partnership was to be sold for $100 plus the granting of an option to LVH to purchase

each fractional interest from the limited partner for $7,500. The option would be exercisable within 5 years, and the $7,500 would be payable over a period of 10 years. A minimum of 800 interests would have to be sold in order for the partnership to become effective. A delaying amendment was attached to this registration.

By letter dated July 21, 1977, the Commission's Division of Corporation Finance forwarded to counsel for LVH sixteen pages of comments regarding the registration statement. An amended registration statement, with attached delaying amendment, was received by the Commission from LVH on December 23, 1977. The Commission's staff forwarded a second comment letter, dated May 15, 1978, to counsel for LVH, discussing unresolved deficiencies, and stating that additional comments might be forthcoming.

On July 7, 1978, LVH filed a second amendment to its registration statement. This time no delaying amendment was attached. This meant that, absent Commission action, the effective date of the registration statement (as amended as of July 7, 1978) would be "the twentieth day after the filing thereof" pursuant to section 8(a) of the Securities Act of 1933 (15 U.S.C. § 77h(a)).

On July 25, 1978, the Commission issued an order authorizing its staff (1) to conduct an examination, pursuant to section 8(e), to determine whether a stop order proceeding under section 8(d) was necessary with respect to LVH's proposed public offering, and (2) to conduct a private investigation of the circumstances surrounding the proposed offer, pursuant to section 20(a) of the Act of 1933 and section 21(a) of the Act of 1934.

Counsel for LVH contended in memoranda to the Commission dated July 26, 1978, and August 1, 1978, that the original sale of the land did not involve the sale of a "security" subject to registration, and that the Commission could not use section 8(e) to investigate the original sales of the undivided fractional interests. On August 15, 1978, the Commission, after considering these arguments, ratified its order of July 25, 1978.

Since then, the Commission's staff has been conducting the ordered examinations. No recommendation has been made to the Commission. The Commission has not yet considered whether to institute a stop order proceeding under section 8(d). In argument, counsel for the SEC stated that a recommendation for a section 8(d) proceeding was in process of being put together by the staff, but he could not predict when it would be completed or when the Commission might take action on the recommendation.

An effect of the Commission's July 25, 1978, order is to bring into operation the prohibition contained in section 5(c) of the Securities Act of 1933 (15 U.S.C. § 77e(c)) against use of interstate communications to offer to sell or to offer to buy the registered securities "while the registration statement is the subject of . . . (prior to the effective date of the registration statement) any public proceeding or examination under section [8(e)]." Thus, although LVH's second amended registration statement became effective on the twentieth day after July 7, 1978, prior thereto, that is on July 25, 1978, it became the subject of a public examination under section 8(e) pursuant to the Commission's order of that date. As a consequence, any sales activity involving the registered securities was effectively blocked by the provisions of section 5(c).

## MAY A REGISTRANT QUESTION THE LENGTH OF A SECTION 8(e) INVESTIGATION IN A JUDICIAL PROCEEDING

Plaintiffs argue that the Commission is engaging in a ploy which denies LVH procedural and substantive due process. By not noticing an order delaying the effectiveness of a registration statement pursuant to section 8(b), or an order suspending the effectiveness of a registration statement pursuant to section 8(d), the Commission has prevented the registrant from having a hearing.

Defendants argue that the Commission has not done anything which is reviewable. The Commission's decision to conduct a section 8(e) examination of LVH's registration statement is not a final position. The registration statement has become effective, and until the Commission notices an intention to issue a stop order, it is only conducting an examination which may or may not result in further action.

Furthermore, say defendants, a section 8(e) examination is a matter within the Commission's discretionary powers, both as to scope and length, which may not be judicially reviewed unless there is an abuse of discretion or action which exceeds the authority of the Commission, neither of which have been supported by factual allegations in the complaint.

Finally, defendants argue that plaintiffs have not exhausted their administrative remedies.

Defendants have oversimplified the situation by arguing that there is no present hardship to the plaintiffs if judicial review is withheld at this time. If the Commission's order authorizing a public examination pursuant to section 8(e) had been issued *after* the effective date of the second amended registration statement, section 5(c) would not have come into operation. LVH could then have proceeded with its sales program, even though a stop order could later issue. But the Commission's order issued *before* the effective date of the registration statement, section 5(c) is applicable, and the plaintiffs do feel the agency action in a concrete way. *See Abbott Laboratories, Inc. v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

While the SEC is given broad powers and wide discretion, provision is made for time limits, notices, hearings, appeals, and judicial reviews of actions that affect the issuance and sale of securities. It is not a sufficient answer to say that authorizing a section 8(e) examination is not a final Commission action, or to say that no one has a right to register securities for public sale. A registrant does have a right to have the Commission follow the applicable statutes

and regulations, and attempts by the Commission to circumvent statutorily imposed time limits may be attacked in a judicial proceeding. *See SEC v. Sloan*, 436 U.S. 103, 98 S.Ct. 1702, 56 L.Ed.2d 148 (1978).

Yet Congress has not placed any time limitation on the duration of a section 8(e) examination. Nor is an order authorizing such an examination reviewable under section 9 of the Act (15 U.S.C. § 77i). *See Stardust, Inc. v. SEC*, 225 F.2d 255 (9th Cir. 1955). This leaves the registrant with whatever remedy may be had pursuant to the Administrative Procedure Act (APA).

■ In my opinion, a district court may, upon the petition of a registrant under the Securities Act of 1933, compel the SEC to make a determination within a reasonable time whether to notice a hearing on the issuance of a stop order under section 8(d), where the Commission has ordered an examination under section 8(e) prior to the effective date of a registration statement and the determination whether a stop order should issue has been unreasonably delayed.

■ The court may not compel the Commission to institute a section 8(d) proceeding. *Crooker v. SEC*, 161 F.2d 944 (1st Cir. 1947). But the clear import of 5 U.S.C. § 706 is that the court may compel the SEC to either terminate a section 8(e) examination or institute a section 8(d) proceeding in a situation where the SEC's inaction has the effect of prohibiting the sale of registered securities, and when this determination has been unreasonably withheld. *See Nader v. FCC*, 172 U.S.App.D.C. 1, 520 F.2d 182 (1975).

## DOES PLAINTIFF LVH HAVE TO EXHAUST ITS ADMINISTRATIVE REMEDIES

■ Assuming the application of the APA as discussed above, must the registrant first exhaust available administrative remedies? The answer is obviously in the affirmative. Exhaustion is the rule rather than the exception. No grounds for making an exception here are alleged. But plaintiff LVH does allege that it has ex-

hausted its administrative remedies. This is a sufficient allegation under *Fed.R.Civ.P.* 9(c). The Commission may respond by specifying what available administrative remedy LVH has not exhausted.

It may be noted here that it is the remedy that must be exhausted, not the petitioner, and that availability implies reasonably prompt and appropriate relief.

## HAS PLAINTIFF LVH ALLEGED SUFFICIENT FACTS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

■ In light of the foregoing discussion, has LVH alleged sufficient facts to state a claim upon which relief can be granted? The allegations of Count I of the complaint do not state that the Commission's determination of whether to institute a section 8(d) proceeding has been unreasonably delayed. The complaint merely alleges the actions taken, the time sequence involved, and the legal effect on the sale or purchase of a security of an order authorizing a section 8(e) examination *prior* to the effective date of the registration statement covering that security.

How much detail may be required under *Fed.R.Civ.P.* 8 and 9 need not be decided now. But certainly something must be alleged. The mere fact of delay is not in and of itself sufficient. The APA speaks in terms of agency action which has been "unreasonably" delayed.

## DO PLAINTIFFS TAURI AND BLADEN STATE A CLAIM IN COUNT III UPON WHICH RELIEF MAY BE GRANTED

The foregoing analysis leads me to the conclusion that plaintiffs Tauri and Bladen do not state in Count III claims upon which relief can be granted. Their only complaint in this regard is that they have each received an offer to participate in LVH as limited partners and that they wish to accept the offer, which they are precluded from doing because of the examination order under section 8(e). Commission action which delays or thwarts a person's expecta-

tions of purchasing a security does not give rise to any cause of action of which I am aware. LVH is a new corporation, has never previously issued any registrable securities, owns nothing belonging to either Tauri or Bladen, and is in no way interfering with the enjoyment by either Tauri or Bladen of any property interests owned by them. I fail to see how anything that the Commission does about LVH's registration statement is of any concern to these two plaintiffs.

Neither Tauri nor Bladen claim any relief under Counts I or II of the complaint.

## MAY LVH LIMIT THE SCOPE OF THE SECTION 8(e) EXAMINATION AS SET FORTH IN COUNT II

■ LVH attempts, in Count II of the complaint, to have this court determine the scope of the section 8(e) examination ordered by the Commission into LVH's registration statement. Specifically, LVH seeks to disassociate itself from any part of the private investigation ordered by the Commission pursuant to Section 20(a) of the Act of 1933 and section 21(a) of the Act of 1934 that may look into the circumstances of the original sales of undivided fractional interests in undeveloped land. Two practical effects of such a limitation would be that the section 8(e) examination might be concluded sooner, and that a private investigation does not bring into operation the prohibitions of section 5(c), whether ordered prior to or after the effective date of a registration statement.

I am of the opinion that I do not have the power to delineate the scope of the Commission's section 8(e) examination because this is a matter committed to the discretion of the Commission. Assuming that the APA does authorize this court to consider plaintiffs' complaint in this area because of the allegations that the Commission's action "constitutes an unwarranted extension and abuse of the Commission's statutory power," I find from the undisputed facts that the Commission is entitled to summary judgment on this issue.

The offering contemplated by LVH is a limited partnership interest for $100 plus an option to purchase an undivided fractional interest sold during the period 1971–1974. If that earlier sale is determined to have involved a security subject to the provisions of the Securities Acts, there may be remedies, including cancellation of the original purchases, which will affect LVH's proposed offering. The Commission's staff also pointed out in its comments that the status of the installment notes on the original purchases would be relevant information to a purchaser of LVH securities. There are other questions. All of this calls for technical expertise best left to the Commission.

## CONCLUSION AND ORDER

IT IS ORDERED that Defendants' Motion to Dismiss the complaint is granted as to Counts I and III, with leave to Plaintiffs to file an amended complaint in 30 days from the date of this order; and

IT IS FURTHER ORDERED that Defendants' Alternative Motion for Summary Judgment is granted as to Count II.