852 F.2d 1293
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Fred L. PIRKLE and Therm-Omega Tech, Inc., Plaintiffs-Appellants,
v.
OGONTZ CONTROLS COMPANY and Thomas M. Kenny, Defendants-Appellees.
 No. 88-1077.
 United States Court of Appeals, Federal Circuit.
 June 17, 1988.
 
 Before DAVIS*, NIES and PAULINE NEWMAN, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 DECISION
 
 1
 Appellants Fred L. Pirkle and Therm-Omega Tech, Inc. appeal the order[1] of the United States District Court for the Eastern District of Pennsylvania in Pirkle v. Ogontz Controls Co., No. 86-3374 (E.D.Pa. Nov. 12, 1987), staying that action in which the complaint alleges patent infringement, antitrust violations, and various pendent state causes of action (wrongful use of civil proceedings, abuse of process, trade libel, tortious interference with contract), and seeks a declaratory judgment to resolve the issue of ownership of the subject United States Patent Nos. 4,438,777 and 4,460,007 issued to Fred L. Pirkle. The order is affirmed.
 
 OPINION
 
 2
 The district court stayed the federal action until final determination of a state court action, Ogontz Controls Co. v. Pirkle, Equity No. 152 (Court of Common Pleas of Chester County, Pa. filed Sept. 6, 1983), in which ownership of the subject patents is at issue. The state court action was filed by Ogontz Controls, a preliminary injunction based on an employment contract was granted against Fred L. Pirkle, vacated on appeal, and then reinstated. The ownership issue was separated from other counts including trade secret issues and has been tried to the court. A decree nisi[2] has been rendered that the patents in question are the property of Ogontz Controls Co., not of Fred L. Pirkle. Post-trial motions were filed and remain pending, thereby postponing entry of a final decree under Pennsylvania procedure.
 
 
 3
 A federal court generally will not refrain from proceeding on federal issues when there is a concurrent state court action. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) ("Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction....' " (quoting McClellan v. Carland, 217 U.S. 268, 282 (1910))). The standards for making an exception to this rule are set out in Colorado River, id. at 818-19, and Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 15-16 (1983). Applying these standards in the case at bar, the district court considered the desirability of avoiding piecemeal litigation, the order in which jurisdiction was obtained by the various courts, the comparative progress made in each proceeding, and whether federal or state law provides the rule of decision governing the issues in dispute. On this careful analysis, the district court stayed the federal action.
 
 
 4
 Appellants state that the Pennsylvania state court litigation has gone on since 1983 and has not yet come to final decision in the trial court, although Pirkle has been enjoined from practicing the disputed technology, and that even after a final decree is entered in the trial court the judgment will not, under Pennsylvania law, have res judicata or collateral estoppel effect for the purpose of allowing the federal counts to go forward, until all state appeals are exhausted. Appellants further point out that there are trade secret and damage claims not yet tried, that could further delay the state appeals process.
 
 
 5
 As stated in Moses H. Cone, 460 U.S. at 28:
 
 
 6
 [A] stay is as much a refusal to exercise federal jurisdiction as a dismissal. When a district court decides to dismiss or stay under Colorado River, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all.
 
 
 7
 Appellants, pressing the point that the state court action will not achieve a final judgment until all state appeals are exhausted, a process that they assert could take several years, raise "substantial doubt" that the state court action would result in "prompt resolution of the issues", in the words of Moses H. Cone. This disputed question of finality under Pennsylvania law was briefed by both parties. Although appellees have cited authority that the Court of Common Pleas' judgment will be final and of collateral effect, the answer is not clear, and we do not decide it.[3]
 
 
 8
 We conclude, applying the factors set out in Moses H. Cone, that the court's grant of a stay was within its discretion. The Pennsylvania state action was filed three years before the federal action, the issue of ownership turns on state law, and if decided adversely to Pirkle could be dispositive of all or substantially all of the issues raised in the federal action. However, as stated in Colorado River, 424 U.S. at 813:
 
 
 9
 "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it...."
 
 
 10
 (quoting County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188 (1959)). Resolution of federal matters shall not be unduly delayed. Both parties are ordered to proceed expeditiously in the state action. In the event that any of the state proceedings is unduly delayed, the district court shall reconsider its stay.
 
 
 11
 * * *
 
 
 12
 * * *
 
 
 13
 Ogontz' motion to strike appellants' appeal brief is dismissed as moot, as appellants have disavowed any attack therein on the state court proceedings.
 
 
 
 *
 Judge Davis took no part in the decision, due to illness
 
 
 [1]
 The order granting the stay is appealable under 28 U.S.C. Sec. 1291. See Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 11-13 (1983). See also Gulfstream Aerospace Corp. v. Mayacamas Corp., 108 S.Ct. 1133, 1137 (1988)
 
 
 [2]
 It is stated in 5 Goodrich-Amram, Procedural Rules Service of Pennsylvania 2d Sec. 1516:6, at 177 (1977):
 The purpose of the decree nisi is to provide the parties with an opportunity to examine the proposed disposition of the litigation prior to definitive action by the court. It is interlocutory and unappealable and ineffective as a change in the rights of the parties.
 (footnotes omitted).
 
 
 [3]
 The Third Circuit, whose law controls our disposition of this issue, in Bailey v. Ness, 733 F.2d 279, 282 (3d Cir.1984) declined to decide this question:
 When confronted with uncertain state law as to the finality of judgments pending appeal, in Occidental Life Insurance Co. of California v. Nichols, 216 F.2d 839 (5th Cir.1954), the Fifth Circuit avoided interpreting the law by adopting a procedural stance that made the uncertainty irrelevant to the case at bar.... We will adopt the approach of the Fifth Circuit and avoid the risk of misinterpreting state law.
 On this basis the Third Circuit stayed the federal action until final disposition of the state appeals.