## HYATT v. CHALLISS et al.

### (Circuit Court, D. Kansas. April 11, 1893.)

### No. 6,634.

EJECTMENT—SECOND TRIAL AS OF RIGHT—SUIT IN FEDERAL COURT.

An action of ejectment was brought in a state court, and, the trial having resulted in a judgment for the defendant, the plaintiff moved, pursuant to Gen. St. Kan. § 4702, for a second trial as of right. The judgment was vacated, and a new trial ordered. The cause was continued until the next term, and, when it was then called for trial, plaintiff dismissed the action. Thereafter he commenced a similar action in the federal court. *Held* that, electing to litigate his rights in the state court, having had one trial therein, and having demanded a new trial, and procured the judgment against him to be set aside without costs under the statute, plaintiff had thereby waived his right to bring suit in the federal court, and that the action must be dismissed.

At Law. Action of ejectment by Thaddeus Hyatt against George T. Challis and others. Dismissed.

L. F. Bird, for plaintiff.

Elliston & Heath, for defendants.

RINER, District Judge. This is an action of ejectment. The action was originally brought in the district court for the county of Atchison, and a trial upon the merits was had in that court. On the 28th day of January, 1888, a judgment was rendered in favor of the defendant Challiss. Thereupon the plaintiff and certain other defendants (under the statute of Kansas) caused a notice to be entered on the journal that they applied for an order setting aside and vacating the said judgment, and granting another trial of the case. The statute under which these proceedings were had is in the following language:

"In an action for the recovery of real property, the party against whom judgment is rendered may, at any time during the term at which the judgment is rendered, demand another trial by notice on the journal, and thereupon the judgment shall be vacated, and the action shall stand for trial at the next term." Section 4702, Gen. St. Kan.

Section 4703 provides:

"No further trial shall be had in such action, unless for good cause shown a new trial be granted, or the judgment reversed, as in other actions."

After obtaining the new trial upon demand, as provided by the statute, the cause was continued until the next term of the court, and upon being called for trial at the next term, to wit, on the 9th day of September, 1889, the plaintiff declined to proceed to trial, but dismissed his action, and thereafter, on December 3, 1890, brought his action in this court. These proceedings were all made to appear by the answer of the defendant Challis in this action, a transcript of the proceedings in the state court being incorporated therein, and upon the pleadings he asks for judgment.

The state district court for Atchison county had jurisdiction of the cause. One trial was had in that court; a new trial granted, not for error, but as of right, under a statute giving a second trial

upon demand; and the question now to be settled is whether, after these proceedings had in the state court, the plaintiff can dismiss his action there when the case is called for trial a second time, and then bring his case in the federal court. This, I think, the plaintiff cannot do. If he wished to have his case tried in the federal court, he should have brought it there in the first instance. This he had the unquestioned right to do; but he selected his tribunal, and sought to litigate his rights in the state court, and had one trial in that court, which resulted in judgment against him. He then demanded a new trial in that court under the statute, which was granted, and procured the judgment entered against him on the first trial to be set aside. If the first judgment had not been set aside under the statute, it would have been final. By procuring that judgment to be set aside, without cost, under the statute, which was a part of the proceedings authorized, plaintiff waived his right to resort to this tribunal. As was well stated by the court in the case of Fraser v. Weller, 6 McLean, 12:

"It would be a fraud upon the law. For aught that appears, the first judgment could not have been set aside except under the provisions of the statute, and, this remedy having been claimed under the statute, the party is bound to go on with another trial. Having set aside the bar to another suit, he does so under an obligation to pursue the special remedy under the statute. He cannot claim the remedy in part to his advantage, and then abandon it, to the injury of the other party."

The first judgment was not only a judgment against him for the property, but for costs as well. This he procured to be set aside under the statute, thus relieving himself of the obligation to pay the costs, and he cannot, under such circumstances, be permitted to require the defendants to incur cost and expenses in another tribunal. The case will be dismissed, at the plaintiff's cost.