**RAY v. HASLEY et al.**
No. 14755.

United States Court of Appeals
Fifth Circuit.

June 30, 1954.

Rehearing Denied July 30, 1954.

Kearby Peery, Wichita Falls, Tex., for appellant.

Howard Barker, Fort Worth, Tex., Eugene Sherrod, Jr., Wichita Falls, Tex., Cantey, Hanger, Johnson, Scarborough & Gooch, Fort Worth, Tex., of counsel, for appellees.

Before STRUM and RIVES, Circuit Judges, and DAWKINS, District Judge.

RIVES, Circuit Judge.

This action for damages resulting from an automobile collision was filed on July 7, 1953, the day after judgment for the defendants had been entered in an action in the Texas State Court on the same cause and between the same parties. The defendants moved to dismiss on account of such prior action and judgment. When the motion to dismiss came on for hearing, the state court proceedings had progressed to the point where the trial court had overruled a motion for new trial, the testimony had been transcribed and "the appeal is in process", according to the statement of defendants' counsel. Plaintiff's counsel agreeing, called attention to his purpose in filing this action. The accident occurred on July 9, 1951, so that the statute of limitations would run only two days after this action was filed, and plaintiff's counsel stated to the district court:

"It is plaintiff's intention, in the event * * * the state Courts hold that the judgment should be reversed and remanded to the State District Court, * * * it is his intention to dismiss that case, and pursue his rights in the Federal Forum. He has chosen that route in this particular case.

"If this motion is sustained, limitations will run against any rights the plaintiff may have to assert his rights in this case.

"All the plaintiff desires is the right to pursue his action in the federal Court in case the case is remanded. Of course, the law will be

the law, announced by the State Court."

The district court nevertheless sustained the motion to dismiss stating that, "This is a plain case of res judicata."

■ An excellent annotation on the subject, "Judgment as res judicata pending appeal or motion for new trial, or during the time allowed therefor" appears in 9 A.L.R.2d 984, et seq. See, also, 30 Am.Jur. (Supp.), Judgments, Section 218.5. As there shown, the authorities are in conflict as to whether the pendency of an appeal affects the operation of a judgment as res judicata. In Texas, the rule seems well established that the pendency of an appeal from a judgment prevents its operation as res judicata. See cases collected in 9 A.L.R.2d 995 and 999; see, also, 26 Texas Jurisprudence p. 77.

■ The same annotation calls attention also that the state law is binding on the federal courts as to the status of the state judgment with respect to its finality pending an appeal therefrom. 9 A.L.R.2d 993, citing inter alia, Silent Automatic Sales Corp. v. Stayton, 8 Cir., 45 F.2d 476, and Coppedge v. Clinton, 10 Cir., 72 F.2d 531.

The closest case in point relied on by the appellees, Hyatt v. Challiss, C.C., 55 F. 267, has been clearly distinguished by Judge Sanborn, speaking for the Eighth Circuit, in Harrison v. Remington Paper Co., 140 F. 385, 397.

■■ The general rule is that, "Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of *res adjudicata* by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case. The rule, therefore, has become generally established that where the action first brought is *in personam* and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded." Kline v. Burke Const. Co., 260 U.S. 226, 230, 43 S.Ct. 79, 81, 67 L.Ed. 226.

See, also, 1 Am.Jur., Abatement & Revival, Section 40. That rule has been applied to an action in the federal court subsequent to judgment in the state court. Baltimore & Ohio R. Co. v. Wabash R. Co., 7 Cir., 119 F. 678, cited with approval and quoted from in Kline v. Burke Const. Co., supra, 260 U.S. at pages 231 and 232, 43 S.Ct. 79.

■■ It may be that irrespective of whether the judgment in the state court operated as res judicata pending appeal, the federal court should take into consideration the possibility [1] of a reversal of that judgment, see Butler v. Eaton, 141 U.S. 240, 11 S.Ct. 985, 35 L.Ed. 713; Baltimore & Ohio R. Co. v. Wabash R. Co., supra, and should mould its orders and judgment so as to avoid any conflict of jurisdiction and to accomplish substantial justice. The federal court may properly stay proceedings before it until a final termination of the proceedings in the state court. Railroad Commission v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971; Chicago v. Fieldcrest Dairies, 316 U.S. 168, 171, 62 S.Ct. 986, 86 L.Ed. 1355; In re President and Fellows of Harvard College, 1 Cir., 149 F.2d 69, 72. We

---

1. During oral argument, we asked counsel to keep us advised of the status of the state court appeal; and we are now advised that on May 21, 1954 the Court of Civil Appeals for the Second Supreme Judicial District of Texas at Fort Worth, Ray v. Gage, 269 S.W.2d 411, affirmed the judgment of the State Trial Court, but that the appellant in the State Court still has the opportunity to file a motion for rehearing in the Court of Civil Appeals and, also, the opportunity to apply for writ of error to the Supreme Court of Texas so that the State Court appeal is not yet final.

think that should be done in this case. With such directions, therefore, the judgment is reversed and the cause remanded. See 28 U.S.C.A. § 2106.

Reversed and remanded with directions.