STAPLE COTTON COOPERATIVE ASSOCIATION *v.*
FEDERAL STAPLE COTTON CO-OP ASSOCIATION

No. 43002 April 20, 1964 162 So. 2d 867

*Odom, Odom & Pittman,* Greenwood, for appellant.

*Byrd P. Mauldin,* Pontotoc, for appellee.

GILLESPIE, J.

An original bill was filed in the chancery court by Staple Cotton Cooperative Association against Federal Staple Cotton Co-op Association, seeking a permanent injunction enjoining defendant from using the corporate name of "Federal Staple Cotton Co-op Association," or any corporate name similar to that of complainant. Defendant filed a general demurrer which the court sustained and dismissed the bill. Complainant appealed.

The substance of the bill of complaint follows. The parties will be referred to as designated in the lower court, that is, complainant and defendant.

Complainant is an incorporated cooperative marketing association organized under the laws of the State of Tennessee, was duly domesticated and qualified to do business in the State of Mississippi on September 16, 1921, and has its domicile in Greenwood, Leflore County, Mississippi.

The defendant is an incorporated cooperative marketing association chartered under the Mississippi Cooperative Marketing Act on October 21, 1961, with a domicile and principal place of business in Pontotoc, Pontotoc County, Mississippi.

Complainant acquired the exclusive right to use and enjoy its corporate name, "Staple Cotton Cooperative Association," and did use and enjoy said name for more than forty years prior to the organization of the defendant, Federal Staple Cotton Co-op Association. Complainant's name represented good will and good reputation in the domestic and foreign cotton markets, built up by complainant over long years of diligent efforts and successful handling and marketing of cotton for its members. Complainant has been engaged over said period of forty years in the marketing of cotton for its members on a cooperative basis without profit to itself, the profits derived from its business inuring to the benefits of its 3,000 members who receive the entire profit after deducting actual expenses and reasonable reserves. Complainant has been successful and has engaged in said cotton marketing activities profitably to its members and handles and sells an average of more than one-half million bales of cotton annually for its members. Complainant serves members in Arkansas, Louisiana, Mississippi, and Tennessee, and has earned a good reputation among cotton buyers in Memphis, Tennessee, and elsewhere, and with mills and the cotton trade generally

with whom it does business, both domestic and foreign. It renders efficient and capable service to its members. Defendant organized for the purpose of marketing cotton for its members in direct competition with complainant in the same territory wherein complainant operates.

Complainant charged that defendant seeks to benefit from complainant's good reputation in domestic and foreign markets by adopting and appropriating practically the identical name of complainant to the harm, detriment and irreparable injury of complainant, and that the adoption by defendant of the name "Federal Staple Cotton Co-op Association" constitutes a wrongful and unlawful infringement upon the rights of complainant which should be protected by a court of equity by injunction.

Complainant further charged that the use of said name by the defendant is calculated to deceive, mislead and confuse, and is in disregard of the legal rights of the complainant. It charged further that it did not have a plain and adequate remedy at law. Both parties are nonprofit cooperatives.

The question for decision is whether the averments of the original bill of complaint, taken as true, states grounds for the issuance of an injunction. We hold it does.

 ■ Sec. 5322, Miss. Code 1942, as of the date defendant was organized, provided that no corporation shall be created under the laws of this State with the name of any existing corporation of this State, nor with the name of any company or corporation for profit incorporated under the laws of any government or State, now or hereafter doing business in this State, and which has domesticated by filing articles of incorporation in this State, or with a name so similar thereto as to be misleading. That statute did not apply. ■ Code Sec. 5322 was amended by Chap. 235, Laws of 1962, effective January 1, 1963, so as to prohibit any nonprofit

corporation from organizing with the name of any other corporation, or with a name so similar thereto as to be misleading. The effective date of the amendment was after defendant was organized. While the statute does not apply, it does express the public policy of the State. The question must be resolved under the common law.

■■■ The law applicable to infringement on corporate titles is substantially the same as that applicable to trade names and trademarks. 13 Am. Jur., Corporations, Sec. 134, p. 271. The many authorities on the subject establish the general rule that one may acquire the exclusive right to the use of a corporate name, trademark, or trade name, and that in a proper case equity will protect its use by injunction. ■■■ To entitle the complainant to an injunction the name used, when not the same, must be so similar that under the circumstances its use is reasonably calculated to deceive and result in injury, or it must be used fraudulently so as to have this effect. 18 C.J.S., Corporations, Sec. 173. This rule is independent of statute, being based upon common law principles. There can be no distinction in principle between taking the entire name of the prior corporation and taking so much of it as will mislead the public into the belief that the two corporations are the same. 13 Am. Jur., Corporations, Sec. 135.

■■■ This case is controlled in all essential aspects by The Dollar Department Store v. Laub, 238 Miss. 708, 120 So. 2d 139. In that case we affirmed a decree enjoining the defendant from using the name of ''The Dollar Department Store,'' ''Olen Dollar Department Store,'' or any other similar name at any store in the City of Natchez which would likely be confused with ''The Dollar Store,'' the complainant's trade name used at complainant's store since 1932. It was pointed out that the early cases established two important rules: (1) No one can claim protection for the exclusive use of a trademark or trade name which would practically

give him a monopoly, ▮▮ (2) nor can a generic name, or a name merely descriptive of an article of trade, or its qualities, ingredients, or characteristics, be employed as a trade name and the exclusive use of it be entitled to legal protection. The Court then noted that in the many later decisions trade names are much more easily established, and that a protectible right in the use for trade purposes of a word in common use may be acquired under the doctrine of secondary meaning, and a generic word or term may, by usage, acquire a secondary, special or trade meaning as indicating the goods or business of a particular person, so as to entitle him to protection against any unfair or piratical use or simulation thereof by another.

There seems to be as much similarity in the names involved in this case as there was in *Laub*. The two cases are very similar in fact as far as the names alone are concerned. Under the rules applied in *Laub*, the bill of complaint stated a cause of action. The decree sustaining the demurrer and dismissing the bill is reversed so that the chancellor may consider the case after full development upon a hearing on the merits.

Reversed and remanded.

*Kyle, P. J., and Ethridge, McElroy and Rodgers, JJ.,* concur.