## The SUPERIOR OIL COMPANY

v.

## The CITY OF PORT ARTHUR.

### Civ. A. No. B-80-459-CA.

United States District Court,
E. D. Texas,
Beaumont Division.

Feb. 17, 1982.

Thomas H. Lee, Foreman & Dyess, Houston, Tex., for plaintiff.

George Wikoff, City Atty., Port Arthur, Tex., Robert Q. Keith, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, Tex., for defendant.

## OPINION AND ORDER

· ROBERT M. PARKER, District Judge.

This suit is brought on behalf of the Superior Oil Company, in which they allege an infringement of their right under the Fourteenth Amendment to the Constitution to be free of the deprivation of their property by a state without due process of law. The defendant, The City of Port Arthur, through a series of annexations in 1979[1] brought within its municipal boundaries a strip of submerged territory extending approximately ten miles into the Gulf of Mexico. The last of these annexations covered territory known as the Gulf of Mexico Tract No. 3 and included approximately 1,199 acres of land on which the plaintiff holds oil, gas and mineral leases from the State of Texas. Presently, the plaintiff has several facilities, including a drilling platform, located within this area used in the production of gas and condensate liquids.

Pursuant to its ad valorem tax ordinance, Port Arthur assessed the plaintiff's property and has demanded payment in the amount of $774,430.88 for the year of 1980. This sum has been paid into an escrow account pending the resolution of Superior Oil's challenge in the courts.

According to the plaintiff this tax results in a burden upon its property without any corresponding city services or benefits. Su-

---

1. Port Arthur made its first annexation into the Gulf of Mexico in the summer of 1979. (Ordinance 7967 passed on August 6) It continued its seaward expansion that year through three further annexations: Ordinance 7979 adopted on September 13; Ordinance 79103 adopted on October 22; and Ordinance 79116 adopted on December 10.

perior Oil does not question the validity of the City's ad valorem tax ordinance *per se*, but instead, its application to the Gulf of Mexico property through improper annexation. Superior Oil asserts that these annexations, although done in compliance with Texas's Municipal Annexation Act, Tex. Rev.Civ.Stat.Ann., art. 970a (1963 Supp. 1981), were aimed solely at generating tax revenues without any need or desire by the City to provide bona fide city services to the burdened property. Taxation on this basis is said to be offensive to the concept of due process embodied in our Constitution. I agree.

The evidence presented to this Court reveals that these annexations were motivated solely to increase tax revenue to the City. Further, those services which have been actually provided to the burdened property are only post hoc attempts to justify the tax burden. None are significant when compared to the huge tax levy assessed on the property. In short, the City's annexations have no relation to the traditional purposes of municipal government and its legitimate powers. This was merely a land grab.

The defendant, however, has raised objections which go to the power and propriety of this Court entertaining this suit. These primary concerns fall into three categories. First, the City contends that the Tax Injunction Act of 1937, 28 U.S.C. § 1341 (1976), destroys the Court's jurisdiction over this matter. Similarly, under precedent of a recent Supreme Court case,[2] the principle of comity is also said to oust jurisdiction. It is also argued, even with proper jurisdiction, comity and concerns of judicial administration, make this an appropriate suit for abstention. And, finally, assuming the power and will to adjudicate Superior Oil's constitutional claim, the defendant contends

that this Court is bound by decisions made in Texas State courts concerning the same dispute under the doctrines of res judicata and collateral estoppel.

## I. JURISDICTION

■ This Court is persuaded that neither the Tax Injunction Act, nor *McNary* obviate federal jurisdiction over this suit.

The Tax Injunction Act states:

The district courts shall not enjoin, suspend or restrain the assessment levy or collection of any tax under State law were a plain, speedy and efficient remedy may be had in the courts of such State. 28 U.S.C. § 1341 (1976).

This statute has been applied to suits challenging taxes imposed by municipalities. *Tramel v. Schrader*, 505 F.2d 1310 (5th Cir. 1975).

In *McNary*, the Supreme Court indicated that this statute arose from the common law principle of comity which is "essential to 'Our Federalism.' " *McNary*, —— U.S. at ———, 102 S.Ct. at 179 (citing *Matthews v. Rodgers*, 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447 (1932); *Singer Sewing Machine Company v. Benedict*, 229 U.S. 481, 33 S.Ct. 942, 57 L.Ed. 1288 (1913); *Boise Artesian Water Co. v. Boise City*, 213 U.S. 276, 29 S.Ct. 426, 53 L.Ed. 796 (1909)). This statute "with its antecedent basis in the comity principle" is said to bar "federal injunctive challenges to state tax *laws.*" *McNary*, —— U.S. at ———, 102 S.Ct. at 180 (emphasis supplied). The statute was passed to avoid a federal court's interference with the administration of state tax systems and to prevent the serious disruption of state taxing processes that such intervention entails.[3]

Careful examination of these purposes behind the statute indicate, however, that it is not applicable to the case at hand. This suit is not a challenge to a tax law, but

---

**2.** *Fair Assessment in Real Estate Association, Inc. v. McNary*, —— U.S. ———, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981).

**3.** "In short, the history of section 1341 from its precursor federal equity practice to its most current judicial construction, evidences that it is meant to be a broad jurisdictional impediment to federal *interference with the adminis-*

*tration of state tax systems,"* United Gas Pipe Line Co. v. Whitman, 595 F.2d 323, 326 (5th Cir. 1979) (emphasis supplied).

See also, *Fulton Market Cold Storage Co. v. Cullerton*, 582 F.2d 1071 (7th Cir. 1978) *cert. denied* 439 U.S. 1121, 99 S.Ct. 1033, 59 L.Ed.2d 82.

instead, it attacks the validity of the municipal annexation which brings the plaintiff's property within the ambit of that ordinance. Because Port Arthur's ad valorem ordinance is not being questioned, there is no danger of disruption to the City's taxing scheme. Equitable relief for Superior Oil, in this instance, would not intrude on the enforcement of the City's taxing system. The principle of comity and the purposes of the Tax Injunction Act are not at stake here, and, consequently, federal jurisdiction is intact.

## II. RES JUDICATA AND COLLATERAL ESTOPPEL

This Court has previously addressed the affirmative defenses of res judicata and collateral estoppel in its Memorandum Order of August 7, 1981. It was concluded then that these doctrines do not bind this Court from reaching an independent judgment. Because of changed circumstances in the state proceedings, these doctrines have new application.

In addition to the suit before this Court there have been several parallel suits in the state courts of Texas. Two quo warranto actions[4] attacking the validity of Port Arthur's annexations on both state and federal grounds were consolidated in the 58th District Court of Jefferson County, Texas (hereinafter the "quo warranto action"). Port Arthur was granted a summary judgment on February 26, 1980, with the Court holding that she was entitled to a judgment as a matter of law. The State of Texas failed to perfect its appeal.

Thereafter, the Superior Oil Company elected to file its own state suit[5] (hereinafter the "Superior Oil state suit") seeking an injunction against the assessment and collection of ad valorem taxes on the recently annexed property. Originally the company challenged the city's tax provisions because they allegedly allowed taxable property to be deliberately excluded from the roles. That claim was dropped in an amended petition and, instead, a declaratory judgment was sought, *inter alia*, on the very due process issue presented in this case. Summary Judgment for the city was granted on May 1, 1981. That judgment was upheld by the Ninth Supreme Judicial District Court of Appeals for Texas, Cause No. 8701, on December 22, 1981. In its opinion the Texas Appeals Court makes clear that the summary judgment was being upheld on the merits of Superior Oil's due process claim. Appeal to the Texas Supreme Court is pending.

Port Arthur contends that these state court proceedings act as a bar to the fresh adjudication of Superior Oil's constitutional claim in this Court. Port Arthur invokes both the doctrines of res judicata and collateral estoppel, but fails to distinguish between them in its pleadings and briefs. For the reasons previously stated in the August 7 Memorandum Order this Court is of the opinion that neither doctrine, when based upon the quo warranto action, is applicable. However, the recent Texas Court of Civil Appeals action in the Superior Oil state suit could act as a bar to this suit under res judicata principles.

Plaintiff brings suit in this Court based solely on federal question jurisdiction under 28 U.S.C. § 1331 (Supp.1981). Therefore, the federal law of res judicata and collateral estoppel is to be applied.[6] These

---

4. On December 31, 1979, the State of Texas, on behalf of the Commissioner of the General Land Office, filed suit challenging the validity of Port Arthur's annexations into the Gulf under the laws of the State and both the Texas and United States Constitutions. *State of Texas, ex rel, Bob Armstrong, Commissioner of the General Land Office of the State of Texas v. City of Port Arthur, Texas*, Cause No. A-110,-231, 58th Judicial Court of Jefferson County, Texas. Another quo warranto proceeding was brought on behalf of the Superior Oil Company by the Attorney General of the State. *The*

*State of Texas, ex rel, The Superior Oil Co. v. The City of Port Arthur, Texas*, Cause No. A-110,319, 58th Judicial Court of Jefferson County, Texas. The two suits were consolidated on January 23, 1980.

5. *Superior Oil Company v. The City of Port Arthur, et al*, Cause No. D-111,325, 136th District Court of Jefferson County, Texas.

6. The *Erie* doctrine and its required application of state substantive law applies only to issues "governed by state law operating of its own

doctrines are distinguished in many salient features.

Essentially, res judicata is a doctrine of judicial finality. It requires that a judgment on the merits bar a subsequent suit involving the same parties or those in privity to them and based on the same cause of action. Collateral estoppel is a corollary doctrine of judicial finality. It operates to preclude the relitigating of *issues* which were litigated by a party or those in privity in a prior suit based upon a different cause of action. *See generally*, 1B J. Moore, Federal Practice, ¶ 0.401 (2d ed. 1974). Chief Justice Warren has described the distinction as follows:

> [U]nder the doctrine of *res judicata* a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand,

such a judgment precludes relitigation of issues actually litigated and determined in the prior suit, regardless of whether it was based on the same cause of action as the second suit. *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122 (1955).

Comparing the Superior Oil state suit with that before this Court, all the conditions for res judicata are met. Identical parties are involved in both suits. The identical cause of action [7] in this suit was raised and adjudicated on the merits in the Superior Oil state suit and a valid judgment was rendered.

■ Superior Oil has not contested these conclusions.[8] Instead, citing Texas law, Superior Oil contends that the pendency of appeal vacates the res judicata effect of an otherwise final judgment. *Sabine Pilots Ass'n v. Lykes Brothers Steamship, Inc.,*

---

force" regardless of the jurisdictional basis. *First Southern Federal Savings & Loan Association v. First Southern Savings & Loan Association*, 614 F.2d 71 (5th Cir. 1980). Thus, *Erie* may require the application of a state's res judicata or collateral estoppel principles in the context of a non-diversity suit when a pendent state claim is at issue. *See Vela v. Alvarez*, 507 F.Supp. 887 (S.D.Tex.1981) (federal collateral estoppel applied to pendent state claim when judgment serving as basis for preclusion was federal). The instant suit, however, presents solely federal claims and *Erie* is not applicable. *Heiser v. Woodruff*, 327 U.S. 726, 733, 66 S.Ct. 853, 856, 90 L.Ed. 970 (1946) cited in *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313 at 324 n. 12, 91 S.Ct. 1434 at 1440 n. 12, 28 L.Ed.2d 788 (1971).

7. In its Second Amended Petition, Superior Oil complained in its state court suit that:

> [T]he annexation of this property was arbitrary and unreasonable.... Because no municipal services or benefits of any kind can or will be extended to Plaintiff's property, the burden of taxation is imposed without any benefit to the property and thus amounts to an arbitrary taking of property without compensation. The taxation of the property by the City is confiscatory and a taking of Plaintiff's property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

In this suit the Plaintiff's complaint alleges:

> [T]he annexation of this territory is arbitrary and unreasonable, and, because it results in taxation of plaintiff's property with

no corresponding municipal services or benefits, the annexation constitutes a taking and deprivation of plaintiff's property without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States.

Further, both actions sought the same relief—a declaratory judgment that the City's annexation was unconstitutional and void, and that the property was, therefore, not subject to ad valorem taxation. Although not identically worded, the gist of each complaint is the same and presents the same Constitutional cause of action.

8. In briefs, Superior oil argued to this Court that the state court summary judgment could not operate as res judicata because the possibility existed that that summary judgment had been based solely upon the state trial court's determination that the prior quo warranto action barred its suit under res judicata. Thus, their claim was not presented and adjudicated "on the merits." The application of res judicata to the federal suit would rest, therefore, upon the res judicata effect of the quo warranto action which this Court determined had no res judicata effect because Superior Oil was not sufficiently involved in the quo warranto action to have been a party or privy. This possibility of boot strapping was eliminated, however, by the Texas Appeals Court's decision upholding summary judgment explicitly on the merits of Superior Oil's constitutional claim.

346 S.W.2d 166 (Tex.Civ.App.—Austin 1961, no writ); *Ray v. Hasley*, 214 F.2d 366, 368 (5th Cir. 1954). *See also* 34 Tex.Jur.2d *Judgments* § 472, at 52223 (1962). Thus, Texas law does not compel the preclusion of this suit under the full faith and credit clause or 28 U.S.C. § 1738. *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415–416, 66 L.Ed.2d 308 (1980); *Gresham Park Community Organization v. Howell*, 652 F.2d 1227, 1241 & n. 42 (5th Cir. 1981). However, application of the federal doctrine of res judicata does.

Under the federal rule the pendency of an appeal does not destroy the res judicata effect of a judgment.[9] Although there is precedent in this Circuit for adopting, at least in dictum, the Texas approach on this issue,[10] the most recent pronouncement indicates that this Circuit is in accord with the federal rule. "As a matter of law the fact that the judgment [in the prior suit] ... had been appealed, did not affect its binding force in the [subsequent] court as res judicata." *A. F. Pylant, Inc. v. Republic Creosoting Company*, 285 F.2d 840 (5th Cir. 1961) (citing *Deposit Bank v. Frankfort*, 191 U.S. 499, 24 S.Ct. 1541, 48 L.Ed. 276 (1903) and *Reed v. Allen*, 286 U.S. 191, 52 S.Ct. 532, 76 L.Ed. 1054 (1932).)

Under federal doctrine, therefore, the Superior Oil state suit judgment is res judicata for this suit. While this Court is loath to bar this plaintiff's constitutional claim properly raised in a federal forum[11] because a simultaneous state proceeding has concluded in judgment, it must be remembered that it was Superior Oil who chose to litigate its claim in the state forum. "Considerations of comity *as well as repose* militate against redetermination of issues in a federal forum at the behest of a plaintiff who has chosen to litigate them in state court." *Montana v. United States*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) (emphasis added).

Ordinarily, the determination that a suit is barred by res judicata requires a dismissal. Since, however, the Superior Oil state suit is pending on appeal and the possibility of reversal exists, the appropriate action of this Court is to stay this proceeding until final resolution of the state suit is achieved. *Glen Oaks Utilities, Inc. v. City of Houston*, 280 F.2d 330, 334 (5th Cir. 1960). ("Since appeal was pending from the state court judgment it would have been improper to dismiss the federal action on the ground of res judicata, but it was proper that the proceedings in the federal court be stayed until the final termination of the proceedings in the state court."); *Occidental Life Ins. Co. v. Nichols*, 216 F.2d 839 (5th Cir. 1954); *Ray v. Hasley*, 214 F.2d 366 (5th Cir. 1954). Therefore, other issues raised by the parties need not be examined by this Court at this time.

Although res judicata is technically applicable, this doctrine is flexible. *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 422–423, 84 S.Ct. 461, 468–469, 11 L.Ed.2d 440 (1964). The Court does not decide today if this suit warrants a departure from the technical application of res judicata. The circumstances of this case may well require the doctrine of res judicata to yield in the interests of justice to the compelling need for remedy of this constitutional violation.

It is, therefore, ORDERED that this suit be stayed as currently barred under the federal doctrine of res judicata until the termination of the parallel proceedings.

---

**9.** "The federal rule is that the pendency of an appeal does not suspend the operation of an otherwise final judgment as res judicata or collateral estoppel unless the appeal removes the entire case to the appellate court and constitutes a proceeding de novo." 1B J. Moore Federal Practice ¶ 0.416[3] at 2252 (2nd ed.) and cases cited therein.

**10.** Plea of res judicata "was technically invalidated when appeal was taken from the former judgment." *Guaranty Underwriters Inc. v.*

*Johnson*, 133 F.2d 54, 56 (5th Cir. 1943); *see also Nichols Charolais Ranch, Inc. v. Barton*, 460 F.Supp. 228 (M.D.Fla.1975) (decision on res judicata was "premature" because judgment used to preclude later suit was on appeal.)

**11.** The Court is aware that ultimately federal review is available for the plaintiff's claim. Appeal for Superior Oil may be had from an adverse decision by the Texas Supreme Court directly to the United States Supreme Court. 28 U.S.C. § 1257(2).