**Michael A. DUNN, et al.**

v.

**James P. CAREY, et al.**

**No. IP 78–108–C.**

United States District Court, S.D. of Indiana, Indianapolis Division.

June 25, 1986.

Franklin D. Brinkman, Muncie, Ind., for defendant Delaware County.

Jack A. Quirk, Quirk & Rivers, Muncie, Ind., for City of Muncie.

Kenneth P. Schuck, Gregory Cross, Cross, Marshall, Schuck, DeWeese, Cross & Feick, Muncie, Ind., for Mun-Del Bldg. Corp.

H. Erskine Cherry, Charles F. Braddock, Anderson, Ind., for the Remonstrators, Richard Amburn and Effie Mae (Dutch) Kingen.

Lawrence M. Reuben, Atlas Hyatt & Reuben, J. Richard Kiefer, Safrin & Kiefer, Indianapolis, Ind., for plaintiffs.

Fergus Kear, Alan Lobley, Charles Greer, Kevin L. Stock, Ice Miller Donadio & Ryan, Indianapolis, Ind., for defendant Board of Com'rs of Delaware County.

Donald H. Dunnuck, Muncie, Ind., for defendant Delaware County Council.

STECKLER, District Judge.

This matter is before the Court on the plaintiffs' and defendants' motions to join Richard Amburn and Effie Mae (Dutch) Kingen (hereinafter "Remonstrators") as parties to this action pursuant to Fed.R. Civ.P. 19(a), and the defendants' motion to enjoin the Remonstrators' action in the Delaware Superior Court of the State of Indiana, Cause No. 2S86–172. The Remonstrators, in opposition to these motions, have filed their own motion to dismiss. The Court, having heard evidence on the

motions on June 11, 1986, now GRANTS the Remonstrators' motion to dismiss.

In 1984 this Court approved a Final Consent Judgment to a suit brought by the plaintiffs alleging the violation of the constitutional rights of pretrial detainees in the Delaware County Jail. The judgment approved a plan to construct a Public Safety Complex in Muncie, Indiana. To carry out this judgment, Delaware County and the City of Muncie adopted an Interlocal Agreement. The Agreement established a nonprofit corporation to manage the Public Safety Complex and lease it to the local governments. On December 20, 1985, the State Board of Tax Commissioners approved a leasing agreement for the Complex in accordance with the Indiana State Tax Code. Ind. Code § 6–1.1–18.5–8(b). Subsequent to this approval, certain taxpayers of the City of Muncie and Delaware County filed a petition with the Board of Tax Commissioners objecting to the execution of the lease. *See* Ind. Code § 36–1–10–14. The Board denied the taxpayers' objections to the lease; it found that the lease was not "unnecessary or unwise."

On April 24, 1986, the Remonstrators filed a complaint in the Delaware Superior Court of the State of Indiana, Cause No. 2S86–172. The complaint seeks declaratory relief concerning the validity of the lease and also seeks an order enjoining the performance of the lease.

The Court finds that the Tax Injunction Act of 1937, 28 U.S.C. § 1341 (1982), deprives the Court of jurisdiction over the Remonstrators' state law claims, and that therefore the Remonstrators cannot be joined in this action. Fed.R.Civ.P. 19(a) states that parties can be joined in an action only if the "joinder will not deprive the court of jurisdiction over the subject matter of the action." Further, the Tax Injunction Act states that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under state law where a plain, speedy and efficient remedy may be had in the courts of such state." 28 U.S.C. § 1341. Therefore, this Court cannot join parties

who have instituted a "plain, speedy and efficient" state court action which seeks to enjoin, suspend or restrain the assessment, levy or collection of a state tax.

The Remonstrators' state law claims fall within the Tax Injunction Act's limitation on the jurisdiction of this Court. The Remonstrators' state action seeks judicial review of a local government leasing arrangement that will inevitably result in a tax levy. Such a leasing arrangement is covered by the State Tax Code, *see* Ind. Code § 6–1.1–18.5–8, and Indiana law further provides that upon the execution and approval of such a lease, the political subdivision or agency that executes the lease "shall make an annual appropriation and tax levy at a rate to provide sufficient money to pay the rental stipulated in the lease." Ind. Code 36–1–10–17. At the evidentiary hearing on June 11, 1986, Betty Stevenson, a hearing officer and area supervisor of the Indiana State Board of Tax Commissioners, testified that the lease is an instrumentality of taxation. She stated that the lease would inevitably result in the appropriation of funds and the levy of a tax upon the taxpayers of both Delaware County and the City of Muncie, Indiana. Thus, the Remonstrators in challenging the leasing arrangement are challenging the assessment, levy or collection of taxes.

The federal courts have given a broad reading to the language of the Tax Injunction Act, and have held that the Tax Injunction Act applies to deprive the district court of jurisdiction even when the effect of the suit will relieve the taxpayers' burden only indirectly. *See* 17 C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE & PROCEDURE § 4237 at 418–19 (1978). For example, in *Detroit Edison v. East China Township School Dist. No. 3*, 247 F.Supp. 296 (E.D.Mich.1965), *aff'd* 378 F.2d 225 (2d Cir.), *cert. denied*, 389 U.S. 932, 88 S.Ct. 296, 19 L.Ed.2d 284 (1967), the Court held that although the plaintiffs were presenting constitutional challenges to the annexation of a school district, the case was essentially a tax case. The Court reasoned that since the assumption of the bonded indebt-

edness of the area to be annexed would increase the tax burden of the plaintiffs, a challenge to the annexation in federal court was barred by the Tax Injunction Act. Likewise in *Group Assisting Sewer Proposal Ansonia v. City of Ansonia,* 448 F.Supp. 45 (D.Conn.1978), the Court held that the Tax Injunction Act barred an action in federal court challenging the proposed assessment and levy of a sewer project tax assessment. The Act applied even though no tax had yet been assessed, levied, or collected.

The defendants rely on the cases of *Harvey & Harvey, Inc. v. Delaware Solid Waste Authority,* 600 F.Supp. 1369 (D.Del. 1985), and *Superior Oil Co. v. City of Port Arthur,* 535 F.Supp. 916 (E.D.Tex.1983), to support the proposition that the Tax Injunction Act does not deprive the Court of equitable jurisdiction merely because there are ancillary tax consequences. In these cases, however, the effect of the litigation on the parties' taxes was truly secondary to the primary issues being litigated by the parties. This case, on the other hand, is essentially a tax case. The Remonstrators here are challenging the actions of their local governments solely because those actions will have the direct effect of raising their taxes. If this Court were to assert jurisdiction over this case and rule in favor of the Remonstrators, it would be subverting the very purpose of the Tax Injunction Act. The Act is designed to prevent the federal courts from interfering with the ability of the states to collect revenue.

Finally, this Court cannot assert jurisdiction over this case pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283 (1982). Unlike the general anti-injunction statute, the Tax Injunction Act is a specific limitation on the jurisdiction of the federal courts.

By reason of the foregoing the Court hereby

DENIES Defendants' Motion for Joinder of Parties and Preliminary Injunction;

DENIES Plaintiffs' Motion for Joinder of Parties Needed for Just Adjudication; and

GRANTS Remonstrators' Motion to Dismiss.