601 So.2d 584 (1992)
GREAT SOUTHERN BANK, Appellant,
v.
FIRST SOUTHERN BANK, a Florida Banking Corporation, Appellee.
No. 91-0091.
District Court of Appeal of Florida, Fourth District.
May 20, 1992.
On Motion for Rehearing, July 28, 1992.
*585 Larry Klein of Klein & Walsh, P.A., West Palm Beach, and David Baker and George Ord of Alley, Maass, Rogers & Lindsay, P.A., Palm Beach, for appellant.
Lawrence S. Gordon and Robert H. Miller of Caruana and Gordon, P.A., Miami, for appellee.
DELL, Judge.
Appellant, Great Southern Bank, appeals from a final judgment in favor of appellee, First Southern Bank. The final judgment enjoined Great Southern Bank from using the name "Great Southern Bank" or any name similar to it. Appellant contends that the name "First Southern Bank" is, as a matter of law, geographical, descriptive or generic, and therefore not entitled to protection in the absence of proof that it has acquired a secondary meaning. We affirm.
In September, 1987, appellee, First Southern Bank, opened for business in Boca Raton, Florida. In November, 1988, appellant, Great Southern Bank, received approval for a name change to its present name. In April, 1989, appellant opened for business in Lantana, Florida, which is located approximately fifteen to twenty miles north of Boca Raton. Appellee asked that appellant change its name and when appellant refused, appellee filed suit. Appellee's complaint alleged common-law trade name infringement, common-law unfair competition and violation of section 495.151, Florida Statutes (1989). At trial, appellee presented evidence that the similarity of the names caused actual confusion in the public. Appellee's evidence also showed that a potential for confusion exists in the future. The trial court made the following findings of fact and conclusions of law:
(a) Although we [sic] conclude that plaintiff is entitled to relief under all counts of the complaint, we [sic] believe that plaintiff's easiest task is under Count III which is based upon F.S. 495.151. We [sic] believe that plaintiff has correctly analyzed the statutory requirements at page four of its original memorandum;
(b) The name "Great Southern Bank" is similar to the name "First Southern Bank";
(c) The plaintiff was the first to use its name;
(d) The name "First Southern Bank" is a fictitious, arbitrary, fanciful or suggestive name. It is not a descriptive, geographic or generic name, requiring [sic] by actual usage a secondary meaning. I believe that Gaeta Cromwell, Inc. v. Banyan Lakes Village, 523 So.2d 624 (Fla. 4th DCA 1988) is strong authority for plaintiff's point of view.
(e) The greater weight of the evidence proved:
1. There exists a likelihood of injury to the business reputation of "First Southern Bank" by the defendant's continued use of the name "Great Southern Bank", or that the continued use by the defendant of the name "Great Southern Bank" will result in the dilution of the distinctive quality of the trade name "First Southern Bank";
2. The names of the parties are confusingly similar;
3. There exists the likelihood of confusion among customers within overlapping marketing areas.
Appellant argues that we should ignore the trial court's factual findings concerning the likelihood of injury to the business reputation of appellee, the dilution of the distinctive quality of the trade name, "First Southern Bank," the confusing nature of the name and the likelihood of confusion among customers within the overlapping market areas. Appellant's argument would have merit if we were to conclude that appellee's name constituted a descriptive or generic name. Descriptive names can be protected only where the name has acquired a secondary meaning. *586 A generic name receives no protection. See Gaeta Cromwell, Inc. v. Banyan Lakes Village, 523 So.2d 624 (Fla. 4th DCA), rev. denied, 531 So.2d 1353 (Fla. 1988).
On the other hand, arbitrary or fanciful names receive the greatest protection. In Freedom Savings and Loan Association v. Way, 757 F.2d 1176 (11th Cir.), cert. denied, 474 U.S. 845, 106 S.Ct. 134, 88 L.Ed.2d 110 (1985), the court stated:
An arbitrary or fanciful mark is a word in common usage applied to a service unrelated to its meaning; "Sun Bank" is such an arbitrary or fanciful mark when applied to banking services.
Id. at 1182-83 n. 5. Neither the word "First" nor the word "Southern" describes the services offered at appellee's bank. Therefore, we hold that the trial court correctly found that the name "First Southern Bank" was an arbitrary or fanciful name. We also hold that the trial court's factual findings satisfy the statutory requirements for trade name protection.
Section 495.151, Florida Statutes (1989) provides:
Injury to business reputation; dilution.  Every person, association, or union of workingmen adopting and using a mark, trade name, label or form of advertisement may proceed by suit, and all courts having jurisdiction thereof shall grant injunctions, to enjoin subsequent use by another of the same or any similar mark, trade name, label or form of advertisement if it appears to the court that there exists a likelihood of injury to business reputation or of dilution of the distinctive quality of the mark, trade name, label or form of advertisement of the prior user, notwithstanding the absence of competition between the parties or of confusion as to the source of goods or services.
Accordingly, we affirm the trial court's judgment granting appellee permanent injunctive relief.
AFFIRMED.
POLEN, J., concurs.
GARRETT, J., dissents with opinion.
GARRETT, Judge, dissenting.
I cannot conclude that the names Great Southern Bank and First Southern Bank are so similar as to reasonably confuse the public; therefore, I respectfully dissent. No reasonable person would be confused by the names of those banks any more than he or she is confused by the myriad of bank names that already exist in Palm Beach County. There are banks named First National Bank of Lake Park and First National in Palm Beach; First Federal of the Palm Beaches, Palm Beach Federal Savings Bank, Palm Beach Savings, Palm Beach National Bank and Trust Company; Southcoast Bank and Southeast Bank; Chase Federal Bank and Glendale Federal Bank; Flagler National Bank and United National Bank; Harris Trust Company of Florida, Bankers Trust Company of Florida, Northern Trust Company of Florida, and U S Trust Company of Florida; American Savings of Florida and Savings of America; Governors Bank and Guardian Bank; and NBD Bank and NCNB.
Moreover, the Fifth Circuit Court of Appeal in First Southern Federal Savings & Loan Association of Mobile, Ala. v. First Southern Savings & Loan Association of Jackson County, Miss., 614 F.2d 71 (5th Cir.1980), refused to protect the name "First Southern."

ON MOTION FOR REHEARING
BY ORDER OF THE COURT
ORDERED that appellant's motion filed June 2, 1992, for rehearing is hereby denied; further,
ORDERED that appellant's motion filed June 2, 1992, for certification is granted, and the following question of great public importance is certified to the Florida Supreme Court:
IS THE NAME "FIRST SOUTHERN BANK" DESCRIPTIVE OR GENERIC, AND THEREFORE NOT ENTITLED TO PROTECTION IN THE ABSENCE OF PROOF THAT IT HAS ACQUIRED A SECONDARY MEANING?
*587 ORDERED that appellant's motion filed June 2, 1992, for rehearing en banc is hereby denied; further,
ORDERED that appellant's motion filed June 2, 1992, is granted, and the issuance of the mandate in this cause is stayed pending review in the Florida Supreme Court.